IN THE SUPREME COURT OF MISSISSIPPI
NO. 1999-DR-00589-SCT

*KENNEDY BREWER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/25/1995 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | NOXUBEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CARRIE A. JOURDAN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LESLIE S. LEE |
| DISTRICT ATTORNEY | FORREST ALLGOOD |
| NATURE OF THE CASE: | CIVIL - DEATH PENALTY - POST CONVICTION |
| DISPOSITION: | PETITIONS FOR POST-CONVICTION RELIEF DENIED - 3/23/2000 |
| MOTION FOR REHEARING FILED: | 4/7/2000; denied 6/6/2002 |
| MANDATE ISSUED: | |

## EN BANC.

## BANKS, PRESIDING JUSTICE, FOR THE COURT:

¶1. This case is before the Court on petitions for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act. The primary contention is that the State and trial court failed to respond properly to the possibility of exculpatory DNA evidence. After consideration of the petitioner's arguments, we deny the petitions.

### I.

¶2. Kennedy Brewer (hereinafter "Brewer") petitions this Court for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 et seq. (1994 & Supp. 1999). Brewer's petition arises from Brewer's capital murder conviction and sentence of death in the Circuit Court of Noxubee County, Mississippi. Brewer was found guilty by a jury on March 24, 1995, for the capital murder death of Christine Jackson, three (3) years of age, who was the daughter of Brewer's live-in-girlfriend, Gloria Jackson. Brewer's direct appeal to this Court following that conviction was affirmed on July 23, 1998, and we denied his motion for rehearing on October 22, 1998. *Brewer v. State*, 725 So. 2d 106 (Miss. 1998).

¶3. On March 22, 1999, Brewer's petition for writ of certiorari was denied by the United States Supreme Court. ***Brewer v. Mississippi***, __ U.S. __, 119 S.Ct. 1270, 143 L.Ed.2d. 365 (1999). On March 24, 1999, the State filed a motion to reset the execution for Brewer. On April 1, 1999, direct appellate counsel for Brewer filed a response asking that the State's motion be held in abeyance to allow Brewer to request appointment of counsel to file a post-conviction petition. On April 5, 1999, Brewer filed a "pro se" motion to appoint counsel along with a "pro se" petition for post-conviction relief.

¶4. On April 20, 1999, this Court dismissed the State's motion to reset the execution date and, by separate order, remanded the case to the Circuit Court of Noxubee County for appointment of counsel. After appointment of counsel, Brewer filed this petition for post-conviction relief.

## II.

¶5. The Mississippi Uniform Post-Conviction Collateral Relief Act is the exclusive State remedy that "provide[s] prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal." Miss. Code Ann. § 99-39-3(2)(Rev. 1994).

### A.

¶6. Brewer argues that his conviction is a violation of his rights under the Fifth and Sixth Amendments of the United States Constitution and Article 1, §§ 25 and 26 of the Constitution of the State of Mississippi. Specifically, Brewer argues that he was denied due process when the State failed to produce potentially exculpatory DNA evidence.

¶7. Brewer cites to ***Boches v. State***, 506 So. 2d 254, 263 (Miss. 1987), for the proposition that both constitutions hold that potentially exculpatory evidence in the possession of the prosecution must be turned over to the accused in a criminal proceeding. Brewer further cites to ***Brady v. Maryland***, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) for the proposition that failure to produce exculpatory materials does not depend upon the good faith or bad faith of the prosecution.

¶8. Brewer argues that Dr. Hayne testified that specimens were taken from the victim including: vaginal wash, external swab of the vaginal area, two vaginal swabs, pubic combing , pulled head hair, an oral and anal swab, and saliva. Brewer further asserts that Lori Arai, a forensic scientist specializing in serology and hair comparison analysis, testified that from the specimens submitted, she was able to identify seminal fluid. However, Aria testified that, based on her knowledge, such an amount was insufficient for DNA testing.

¶9. Brewer argues that prior to the completion of trial, his trial counsel learned that technology had advanced sufficiently to allow the testing of minute specimens. Brewer contends that he moved to allow for such testing and for a new trial, which was denied by the trial court.

¶10. The State asserts that Brewer's argument is unequivocally false in that Brewer was never denied access to this evidence. The State further argues that Brewer admits that the State's expert at trial testified that the evidence existed, but there was an insufficient amount to conduct DNA testing. Specifically, the State asserts that the crime lab report clearly states that portions of several of the exhibits were frozen "for further possible testing. Contact this laboratory as soon as possible if DNA analysis is necessary." The crime lab report was provided to the defense.

¶11. The State points out that the trial court denied Brewer's motion for a new trial, but it did not deny the defense the opportunity to further test the vaginal slides. Specifically, the State notes that the trial court said as follows:

> BY THE COURT: But I will not deny this defendant access to items of physical evidence for further testing if that's his desire, as long as we understand that those items of physical evidence will not be entirely consumed.

> BY THE COURT: I hope that I'm clear on what I-on my ruling on that motion. The motion is, is [sic] that the defendant shall not be denied access for testing of those physical items that are still available in the crime lab. I want to know whether or not all of the tested matters will be consumed by those tests. You must agree on some testing body if they are, but I assume that that will not bind you by the results of the tests or anything of that nature, but only merely as to where they will be sent by defense counsel.

The affidavits from the trial attorneys shed no light on why this testing was presumably never performed.

¶12. The State cites to ***Bracy v. State***, 396 So. 2d 632, 635 (Miss. 1981) for the proposition that Brewer must show "good cause" for a new trial. The State argues that Brewer has failed to show cause and actual prejudice. The State also contends that Brewer's claim is procedurally barred because it could have been raised on direct appeal.

¶13. A petition for post-conviction relief is procedurally barred when the issue of exclusion of exculpatory evidence could have been determined at trial or on direct appeal. ***Mann v. State***, 490 So. 2d 910, 911 (Miss. 1986); Miss. Code Ann. § 99-39-21(1)(1994). Procedural bars of waiver, different theories, and res judicata and exception thereto as defined in the post-conviction relief statute are applicable in death penalty post conviction relief applications. ***Cole v. State***, 666 So. 2d 767, 773 (Miss. 1995). Also, although this Court need not look further after finding procedural bar, it may review the merits of the underlying claim knowing that any subsequent review will stand on the bar alone. ***Blue v. State***, 674 So. 2d 1184, 1191-92 (Miss. 1996).

¶14. The trial court clearly granted Brewer's motion to test the DNA evidence. The possibility of such testing, if any, was clearly apparent to Brewer, at least by the time of his motion for new trial. What the State did, what it disclosed and what the trial court did in response was before the court at the time of direct appeal and any deficiency could have been raised at the time. Thus, the procedural bar applies. Moreover, there has been absolutely no showing that the State failed to produce any evidence.

¶15. Brewer's claim is without merit.

### B.

¶16. Brewer argues that his conviction should be vacated because there exists evidence of material facts that were not previously heard or presented to the trial court. Again he refers to the possibility of significant DNA testing results.

¶17. The mere possibility that an item of undisclosed evidence information does not establish materiality merely because it might have helped the defense, or might have affected the outcome of trial. ***Scott v. State***, 359 So. 2d 1355, 1362 (Miss. 1978).

¶18. Here, Brewer argues that there might be exculpatory evidence. Specifically, Brewer argues that the test could show that the DNA from the seminal fluid taken from the victim does not match his DNA. Brewer does not provide any evidence, absent his assertions, that the evidence would be exculpatory. Regardless, the trial court has explicitly ruled that Brewer can test the evidence.

¶19. One of the factors considered for granting a new trial is whether the defendant could have discovered the evidence at trial through due diligence. Here, Brewer's attorney stated to the trial court that it did not know the small DNA sample could be tested for conclusive results. Brewer's trial attorney based his assumption on the State's testimony that the sample was not large enough for adequate DNA testing. However, the trial court considered these factors and determined that Brewer could have the evidence retested to see if it could be exculpatory evidence.

¶20. Although the trial court has given Brewer permission to retest the DNA samples, he has not retested that evidence. Brewer's claim is without merit.[1]

## C.

¶21. Brewer argues that he was denied due process because the State failed to comply with Rule 9.04A of the Uniform Rules of Circuit and County Court Practice. Rule 9.04A reads, in pertinent part, as follows:

> [T]he prosecution must disclose to each defendant or to defendant's attorney, and permit the defendant or defendant's attorney to inspect, copy, test, and photograph upon written request and without the necessity of court order the following which is in the possession, custody, or control of the State, the existence of which is known or by the exercise of due diligence may have become known to the prosecution: (6) Any exculpatory material concerning the defendant.

Brewer argues that the State's failure to produce and test DNA samples for exculpatory review was a clear failure to comply with Rule 9.04.

¶22. The State cites to *Campbell v. State*, 437 So. 2d 3, 5 (Miss. 1983) for the proposition that the State has no duty to search out and discover any and all possible exculpatory evidence. In *Campbell*, the appellant contended that the State failed to preserve fingerprints and failed to remove fingerprints from a pistol that amounted to suppression of possible exculpatory evidence. *Id*. at 4. There, this Court held that everything that the appellant requested of the court was granted in the way of disclosure and discovery. *Id*.

¶23. It is not the State's duty to have the evidence retested. There is no allegation that the evidence has not been preserved. Brewer was given express permission by the trial court to test the evidence. The State did not violate Rule 9.04A.

## D.

¶24. Brewer in his pro se petitions for post conviction relief and for appointment of counsel argues that he was denied effective assistance of counsel at trial, at sentencing and on appeal. Brewer does not assert any reasons or facts that constituted ineffective assistance of counsel at any stage of his case. Instead, Brewer asserts a part of the standard for reviewing effective assistance of counsel claims. Brewer argues that, "there is a reasonable probability that, but for this inadequate representation, the outcome of the culpability phase would have been different."

¶25. To prevail on a claim of ineffective assistance of counsel an appellant has the burden of overcoming the presumption that an attorney acted competently. *Foster v. State*, 716 So. 2d 538, 541 (Miss. 1998). The appellant must prove that the attorney's performance was deficient and that such deficient performance was prejudicial to the defendant. *Id.*

¶26. Here, Brewer has not overcome this presumption. Absent his bare assertions that his counsel's assistance was ineffective, Brewer presents neither argument nor case law supporting this claim.

¶27. Brewer's claim of ineffective assistance of counsel is without merit.

### III.

¶28. For these reasons, Brewer's petitions for post-conviction relief are denied.

¶29. **PETITIONS FOR POST-CONVICTION RELIEF DENIED.**

**PRATHER, C.J., PITTMAN, P.J., McRAE, SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR.**

1. There is no reason to believe that the avenue is not still open to test this evidence. Where there has been a sufficient showing, this Court has ordered that a convict have access to and chain-of-custody delivery of physical evidence for DNA testing. *Ellis v. State*, No. 97-M-01326 (Miss. May 17, 1999)(Banks, J., for the Court; unpublished order). There is nothing that suggests that the trial court is not open to granting access to the bodily fluid evidence for testing in this case. Thus, our decision today is without prejudice to Brewer's ability to present a claim within a reasonable time based upon actual DNA results which are exculpatory.