859 So.2d 1018 (2003)
Roosevelt MOORE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00749-COA.
Court of Appeals of Mississippi.
August 19, 2003.
Rehearing Denied November 18, 2003.
Roosevelt Moore (Pro Se), for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, P.J., BRIDGES and IRVING, JJ.
KING, P.J., for the court.
¶ 1. Roosevelt Moore perfected this appeal from an order denying post-conviction collateral relief entered by the Circuit Court of Clay County, Mississippi. On April 4, 1985, Moore pled guilty to uttering a forged document. He was sentenced to a term of four years in the custody of the Mississippi Department of Corrections, with the sentence to run consecutively to any sentence he was serving at the time.
¶ 2. On December 17, 2001, Moore, pro se, filed a complaint for declaratory judgment. This complaint was considered to be a request for post-conviction relief and was denied on January 22, 2002. Aggrieved, Moore raises the following issue:
Whether the trial court erred in treating his complaint for declaratory judgment as a petition for post-conviction collateral relief.

FACTS
¶ 3. On April 4, 1985, Moore pled guilty to uttering a forged document in the Circuit Court of Clay County, Mississippi.
¶ 4. At the guilty plea hearing, the trial judge questioned Moore to determine whether his guilty plea was knowingly and *1019 voluntarily made. The trial judge stated the following:
Q. Mr. Moore, you've indicated your desire to enter a plea of guilty to the charge of uttering forgery being Cause No. 5866 in the Circuit Court of Clay County, Mississippi. You have also signed a sworn petition setting out that you understand your constitutional rights?
A. Yes, sir.
The trial judge asked Moore whether he understood the crime and the elements of the crime, to which he affirmatively responded.
¶ 5. After the inquiry, the trial judge determined that Moore's guilty plea was freely, knowingly, voluntarily and intelligently made. Moore was sentenced to a term of four years in the custody of the Mississippi Department of Corrections, with the sentence to run consecutively to any sentence he was serving at the time.
¶ 6. On December 17, 2001, Moore filed a complaint for declaratory judgment which claimed that the trial judge failed to advise him of the maximum and minimum penalties allowable by statute. Moore also claimed that the trial judge failed to advise him that by pleading guilty he waived his federal constitutional rights against self-incrimination, to trial by jury, and to confront and cross-examine adverse witnesses.
¶ 7. In its order, the trial court indicated that "[t]he Court, after having considered same finds that said Motion is filed past the statute of limitations provided in Section 99-39-5 MCA (1972) and meets none of the exceptions therein; and the Court is therefore of the opinion that said Motion is time barred and should be, and hereby is, overruled and denied."

ISSUE AND ANALYSIS
¶ 8. Moore contends that the trial court erred in treating his complaint for declaratory judgment as a petition for post-conviction relief. Moore claims that he is seeking "a declaration that the 1985 conviction is void and cannot be used to enhance his currect [sic] sentence."
¶ 9. The Mississippi Uniform Post Conviction Collateral Relief Act is the exclusive state remedy that "provide[s] prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal." Miss.Code Ann. § 99-39-3(2) (Rev. 2000). Brewer v. State, 819 So.2d 1165(¶ 5) (Miss.2000).
¶ 10. The Mississippi Uniform Post Conviction Collateral Relief Act provides the exclusive and uniform procedure for the collateral review of convictions and sentences in this state. Walker v. State, 555 So.2d 738, 741 (Miss.1990).
¶ 11. Under Mississippi Code Annotated Section 99-39-5 (Rev.2000), a claim for post-conviction relief may be filed by an inmate in custody within three years of (1) a resolution of the direct appeal, or (2) within three years after the time for appeal has expired. Wright v. State, 821 So.2d 141 (¶ 3) (Miss.Ct.App.2000).
¶ 12. Moore argues that the post-conviction collateral relief act should not have been applied, because he was not in custody, but was seeking relief for the sole purpose of preventing the prior conviction from enhancing his present sentence.
¶ 13. In bringing his complaint for declaratory judgment, Moore relies on Rule 57 of the Mississippi Rules of Civil Procedure.[1] He argues that pursuant to *1020 this rule, even if another adequate remedy had been available, he would not be precluded from a judgment for declaratory relief where appropriate. Moore correctly asserts that he cannot obtain post-conviction relief from his 1985 sentence because he is not in custody on that sentence.
¶ 14. Because the Mississippi Uniform Post Conviction Collateral Relief Act does provide an exclusive remedy to address such claims for post-conviction relief, we affirm the trial court's decision.
¶ 15. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Mississippi Rule of Civil Procedure 57 provides: (a) Procedure. Courts of record within their respective jurisdictions may declare rights, status, and other legal relations regardless of whether further relief is or could be claimed. The court may refuse to render or enter a declaratory judgment where such judgment, if entered, would not terminate the uncertainty or controversy giving rise to the proceeding.

The procedure for obtaining a declaratory judgment shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in actions where it is appropriate.
The court may order a speedy hearing of an action for declaratory judgment and may advance it on the calendar. The judgment in a declaratory relief action may be either affirmative or negative in form and effect.
(b) When Available.
(1) Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status or other legal relations thereunder.
(2) A contract may be construed either before or after there has been a breach thereof. Where an insurer has denied or indicated that it may deny that a contract covers a party's claim against an insured, that party may seek a declaratory judgment construing the contract to cover the claim.
(3) Any person interested as or through an executor, administrator, trustee guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust in the administration of a trust, or of the estate of a decedent, an infant, insolvent, or person under a legal disability, may have a declaration of rights or legal relations in respect thereto:
(A) to ascertain any class of creditors, devisees, legatees, heirs, next of kin or others; or,
(B) to direct the executors, administrators, or trustees, to do or abstain from doing any particular act in their fiduciary capacity; or,
(C) to determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.
(4) The enumeration in subdivisions (1), (2) and (3) of this rule does not limit or restrict the exercise of the general powers stated in paragraph (a) in any proceeding where declaratory relief is sought in which a judgment will terminate the controversy or remove an uncertainty.