881 So.2d 261 (2003)
Mark CARR, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CA-01557-COA.
Court of Appeals of Mississippi.
October 28, 2003.
Rehearing Denied March 23, 2004.
*262 B. Sean Akins, Ripley, attorney for appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before MCMILLIN, C.J., BRIDGES and THOMAS, JJ.
BRIDGES, J., for the Court.
¶ 1. Mark Carr pled guilty to a felony charge of sale of a controlled substance and sentencing was deferred for the purpose of conducting a pre-sentence investigation allowing Carr to put on proof. This hearing was held months later but provided the appellant's attorney with only one day's notice. The court, over the motions for continuance and psychological evaluation filed by Carr, sentenced the appellant to fifteen years with five years suspended. Carr's motion for reconsideration and later a motion for reconsideration or in the alternative post-conviction relief was heard by the succeeding judge. This judge did not believe Carr had a meaningful opportunity to be heard at his sentencing but thought since Carr's constitutional rights were not violated, as a judge, he lacked the authority to re-sentence. From this ruling Carr appeals to this Court. The issues are stated verbatim.

*263 STATEMENT OF THE ISSUES

I. JUDGE HOWORTH POSSESSED AUTHORITY TO VACATE THE ORIGINAL SENTENCE DUE TO THE INTERVENING DECISION OF PRESLEY V. STATE WHICH OVERRULED DICKERSON V. STATE WHICH WAS CONTROLLING DURING THE ORIGINAL MOTION.

II. THE ACTIONS OF THE TRIAL COURT IN FAILING TO PROVIDE THE DEFENDANT WITH REASONABLE NOTICE OF SENTENCING HEARING AND FAILURE TO REQUIRE THE COMPLETION OF THE PRE-SENTENCE INVESTIGATION PRIOR TO SENTENCING VIOLATED THE DEFENDANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS.

FACTS/ PROCEDURAL HISTORY
¶ 2. Mark Carr pled guilty to two counts of sale of a controlled substance under an "open" or "blind" plea in November of 1998. With his open plea he preferred to have a pre-sentencing hearing and investigation as opposed to accepting the State's recommendation on sentencing. The sitting judge, Circuit Judge Kenneth Coleman, postponed the sentencing hearing until the first day of February. However, that hearing was never held and no reason was given in the record as to why.
¶ 3. Carr claims the pre-sentencing report was never filed and it was not available in the record when the judge sentenced him. The date contained in the pre-sentencing report is February 8, 1999, and it is included in the court records certified by the court clerk. The general docket lists the pre/post sentencing investigation as being filed on February 8, 1999. However, the filing does not contain the clerk's stamp like all other filed documents and the entry appears conspicuously squeezed in on the page.
¶ 4. The sentencing was not listed on the docket for May but on May 11, 1999, at around 4:00 p.m. Carr's attorney received notice of the sentencing hearing to be held on May 12, 1999, at 9:00 a.m. Carr immediately filed a motion for continuance and a motion for psychological evaluation to be conducted before sentencing and then orally agreed with the district attorney that they would not have the sentencing while the motions were pending. At nine o'clock the next morning neither the district attorney nor Carr's attorney were present for the hearing. However, that afternoon Carr's attorney happened to be in the courtroom passing through and the judge ordered the sentencing hearing to commence.
¶ 5. Having no witnesses ready to call, the judge allowed Carr's attorney to state what he expected the witnesses to give as testimony and treated those facts as if they were proven. Carr was sentenced to fifteen years with five years suspended, a sentence which is greater than other similar charges in the area for the past three years. Most receive fifteen years with eight suspended but Carr was charged with two counts.
¶ 6. Carr then filed a motion for reconsideration dated May 13, 1999, the day after the sentencing. However, it does not have a filing stamp and is listed in the docket as being filed on May 18, 1999. This is significant because if it was filed on the eighteenth instead of the thirteenth then it would not have been filed in the same court term as the sentencing. Over a year later, on May 24, 2000, Carr filed another motion a, "Motion for Reconsideration or in the Alternative, Post-Conviction Relief." Carr claims this motion is an amendment to his prior motion which was already before the court. However, there *264 is a question of whether or not it is an amendment of the prior motion since it does not specifically reference it. Judge Coleman denied the motion and a hearing on its merits was never held.
¶ 7. Carr then promptly filed a motion for Judge Coleman to recuse himself from the hearing on the motion which was granted almost a year later on June 7, 2001. The motion was finally heard by Judge Coleman's successor, Judge Howorth, who denied re-sentencing in his order dated August 14, 2002. Judge Howorth admitted that the sentencing of Carr was problematic and the sentence was more severe than others but since Carr's constitutional rights were not violated the judge ruled that he lacked the authority to change the sentence at that time. Judge Howorth even welcomed an appeal to determine his authority to reduce sentences.

ANALYSIS

I. DID JUDGE HOWORTH POSSESS THE AUTHORITY TO VACATE THE ORIGINAL SENTENCE IN LIGHT OF PRESLEY V. STATE?

¶ 8. There are two ways in which a criminal may challenge a trial court proceeding: (1) a direct appeal, or (2) a proceeding under the Post Conviction Relief Act. Fleming v. State, 553 So.2d 505, 506 (Miss.1989). A reduction or reconsideration of a sentence by a judge must occur prior to the expiration of the sentencing term. Harrigill v. State, 403 So.2d 867, 868-69 (Miss.1981).
¶ 9. Carr cites the ruling in Presley v. State, in which the Mississippi Supreme Court overruled Dickerson v. State, 731 So.2d 1082 (Miss.1998) by holding that a judge has the authority to hear motions which are pending at the end of the court term. Presley v. State, 792 So.2d 950(¶ 13) (Miss.2001). Also Mississippi Code Annotated § 11-1-16, as amended, grants a judge in a criminal proceeding authority in vacation to hear motions which were pending and triable during the current term. Carr contends that Judge Howorth, wrongly relied on the court's ruling in Dickerson and was unaware of its overruling by Presley. A change which occurred between Judge Coleman's ruling and Judge Howorth's.
¶ 10. The State argues that according to the date on the general docket Carr's motion for reconsideration was not filed until May 18, 1999, which was after the end of the court term in which Carr was sentenced and would make the application of Presley moot. The State also argues that that motion was not the motion Judge Howorth finally heard and ruled on but rather a "Motion for Reconsideration or, in the Alternative, Petition for Post-Conviction Relief." This motion did not refer to the prior motion before the court or identify itself as an amendment. Therefore, the State suggests that the motion finally heard by Judge Howorth dated May 20, 2000, does not amend the prior motion and therefore does not relate back.
¶ 11. Typically for post-conviction motions, such as appeal or new trial, the date of filing not the date of service controls. Carr's motion to reconsider may have been served on May 13 but it was not recorded and filed with the clerk until May 18, a date after the court term in which Carr was sentenced ended. If that rationale is followed May 18th is the governing date of the document. Even if this Court assumes that the later "amendment" of the motion is in fact an amendment it would still relate back to the date of May 18th. Under Presley, which Carr cites, he does not meet its requirement of being pending at the end of the court term. Therefore, Judge Howorth did not have authority to *265 hear the motion for re-sentencing. Carr should have appealed rather than ask for a re-hearing.
¶ 12. Carr states that he is appealing from a denial of post-conviction relief but supported his brief with law regarding the jurisdictional questions of his motion to reconsider not that he adequately met the burdens of a motion for post-conviction relief. Despite the absence of support in the briefs this Court is also considering whether or not Carr had adequate grounds for post-conviction relief.
¶ 13. Carr would also not be successful on an appeal strictly for post-conviction relief because his motion does not technically comply with the requirements of the pleading since there was not a separate statement of facts of which the prisoner had knowledge. Miss.Code Ann. § 99-39-9(1)(d) (Rev.2000). Another technical defect to the pleading is that there was no separate statement of facts which the prisoner asserted but did not himself have knowledge of and how they could be proven. Miss.Code Ann. § 99-39-9(1)(e) (Rev.2000). Judge Coleman could have refused to hear this motion because of its noncompliance. Miss.Code Ann. § 99-39-9(4) (Rev.2000).
¶ 14. While refusing to hear a motion not in compliance with the statute is discretionary with the judge, Carr would also not succeed on the merits of his argument for post-conviction relief. Carr believes his sentence should be reduced because he received a longer sentence for his crime than others convicted of the same crime. The sentence he received was still within the statutory bounds and would not be considered an abuse of the judge's discretion. The judge's decision on sentencing was not manifestly in error in light of the weight of evidence before him and will not be reversed on appeal.

II. WAS THE DEFENDANT'S RIGHT TO DUE PROCESS VIOLATED WHEN THE CIRCUIT JUDGE LIMITED HIS RIGHT TO BE HEARD IN THE SENTENCING HEARING?
¶ 15. Whether Carr had sufficient notice of the sentencing hearing and whether he had adequate opportunity to be heard is a question of law and this Court will conduct a de novo review for determination of this legal question. Russell v. Performance Toyota, Inc., 826 So.2d 719, 721(¶ 5) (Miss.2002).
¶ 16. Carr contends that the matter was not listed on the May docket and he received notice of the actual hearing at 4:00 p. m. the day before he was to attend at 9:00 a.m. on May 12, 1999. The State suggests the sentencing was continued from November when he pled guilty at the February term. Then Carr's attorney even admitted that sentencing did not go forward in February because the pre-sentencing report was not complete. The major point within this issue is whether or not Carr was adequately heard so that his due process rights were not violated.
¶ 17. Carr did not accept the State's sentencing suggestions but rather gambled with an open plea and requested a pre-sentencing report and inquiry. This report is not mandatory in any case but once completed the defendant has the right to review the report before sentencing. Edwards v. State, 615 So.2d 590, 598 (Miss.1993). One of Carr's claims of error is that the pre-sentencing report was not completed and in the file for the judge to review during the May sentencing. However, if the judge did not review the report and such a report is not mandatory the failure of its review and its absence is no error.
¶ 18. Also, Carr did not rely to his detriment by submitting an open plea requesting *266 a pre-sentencing report. The reliance theory of compelling prosecutors to act only applies to settlements and plea bargains on sentencing. Presley, 792 So.2d at 955(¶ 22). Carr did not plea bargain on the sentencing but rather took his chances with the judge.
¶ 19. Carr also claims the lack of preparation by the attorney and unavailability of witnesses for the sentencing resulted from the lack of notice. While this may be true Carr was not actually harmed by this error because the judge allowed Carr to state what he expected his witnesses to testify and considered those facts as if they had been proven. Furthermore, lack of preparation for a matter that was postponed over four months is not a valid excuse for an attorney.
¶ 20. Regardless of Carr's due process claims, the thirty day statute of limitations for appealing these claims of error has passed since they relate to a final judgment reviewable on appeal post sentencing. Miss.Code Ann. § 99-39-21 (Rev.2000) This statute makes waiveable any constitutional claims determinable at trial or by direct appeal if not properly appealed within the statute of limitations. The court can only overlook such waiver by a showing of cause and actual prejudice. Carr did not meet this burden thus the procedural time bar of raising this issue on appeal has lapsed.
¶ 21. THE JUDGMENT OF THE TIPPAH COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO TIPPAH COUNTY.
KING AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. MCMILLIN, C.J., AND IRVING, J., CONCUR IN RESULT ONLY.