MYERS, J.,
for the Court.
¶ 1. On January 23, 2003, Michael McDougle filed a “Motion to Clarify” in the Circuit Court of Neshoba County. The circuit court treated this motion as a motion for post-conviction relief, and on March 13, 2003, the circuit court denied McDougle’s motion as time-barred. Aggrieved by the judgment of the circuit court, McDougle now appeals, raising the following two issues:
I. WHETHER THE COURT ERRED IN CONFUSING THE PREVIOUS SENTENCE OF DEFENDANT WITH THAT OF HIS CO-DEFENDANT?
II. WHETHER THE COURT EXCESSIVELY SENTENCED THE DEFENDANT BASED ON THE PREVIOUS SENTENCE OF HIS CO-DEFENDANT?
¶ 2. Finding no reversible error, we affirm the judgment of the circuit court.
FACTS
¶ 3. On March 18, 1996, McDougle was convicted of the sale of cocaine and was sentenced to serve a term of thirty-five years in the custody of the Mississippi Department of Corrections. He was also ordered to pay a $10,000 fine. His sentence for this 1996 conviction was an enhanced sentence based in part upon a prior drug conviction of McDougle’s from September of 1979. On July 12,1999, McDou-gle filed a motion for post-conviction relief, but he subsequently filed with the Mississippi Supreme Court a motion to dismiss post-conviction relief application without prejudice. The Supreme Court, on October 5, 2000, granted the motion, dismissing without prejudice McDougld’s motion for post-conviction relief. Thus, the “Motion to Clarify,” filed on January 23, 2003, was not dismissed by the circuit court under thé successive writ bar, due to the supreme court’s dismissal of McDougle’s original motion for post-conviction relief without prejudice.
LEGAL ANALYSIS
¶ 4. At the outset, we note that both of the issues McDougle raises hearken back to his 1996 conviction, and the issues, as stated, do not specifically address the circuit court’s judgment dismiss *770 ing his “Motion to Clarify” as time-barred. We also note that, given the fact that McDougle was convicted on March 18, 1996, his motion would clearly be time-barred under Mississippi Code Annotated § 99-39-5(2) (Rev.2000), since it was filed well in excess of three years after the judgment of conviction. Thus, on that basis, we could affirm the judgment of the circuit court, since McDougle’s motion, construed as a motion for post-conviction relief, was filed well in excess of three years after the judgment of conviction.
¶ 5. Notwithstanding the fact that McDougle’s motion is clearly time-barred, we will briefly discuss the issues on the merits, because we find that they would plainly lack merit, even had they been presented in a timely filed motion for post-conviction relief.
I. WHETHER THE COURT ERRED IN CONFUSING THE PREVIOUS SENTENCE OF DEFENDANT WITH THAT OF HIS CO-DEFENDANT?
¶ 6. McDougle argues that the judge presiding over his 1996 conviction confused McDougle’s sentence for his 1979 conviction with that of Mitchell Moncrief, a co-defendant in the 1979 conviction. The State argues that, whether the judge was mistaken or not, McDougle was properly given an enhanced sentence. The State argues that this is so because the enhanced sentence McDougle received was not dependent upon the length or severity of a prior sentence, but rather on the fact of a prior drug conviction.
STANDARD OF REVIEW
¶ 7. In considering challenges to the denial of a motion for post-conviction relief, we will review the record to determine if the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). If we find no clear error, we will affirm the trial court’s decision. Id.
DISCUSSION
¶ 8. Before discussing this issue, we must first deal with McDougle’s contention that his “Motion to Clarify” was not in the nature of a motion for post-conviction relief. Mississippi Code Annotated § 99-39-9 (Rev.2000) sets forth the formal requirements of a motion for post-conviction relief. That section reads:
(1) A motion under this chapter shall name the state of Mississippi as respondent and shall contain all of the following: (a) The identity of the proceedings in which the prisoner was convicted.
(b) The date of the entry of the judgment of conviction and sentence of which complaint is made.
(c) A concise statement of the claims or grounds upon which the motion is based.
(d) A separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner.
(e) A specific statement of the facts which are not within the prisoner’s personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to obtain the affidavits, records and documents, the produc *771 tion of which he requests the court to excuse.
(f) The identity of any previous proceedings in federal or state courts that the prisoner may have taken to secure relief from his conviction and sentence.
(2) A motion shall be limited to the assertion of a .claim for relief against one (1) judgment only. If a prisoner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.
(3) The motion shall be verified by; the oath of the prisoner.
(4) If the motion received by the clerk does not substantially comply with the requirements of this section, it shall be returned to the prisoner if a judge of the court so directs, together with a statement of the reason for its return. The clerk shall retain a copy of the motion so returned.
(5) The prisoner shall deliver or serve á copy of the motion, together with a notice of its filing, on the state. The filing of the motion shall not require an answer or other motion unless so ordered by the court under section 99-39-11(3).
Miss. Code Ann. § 99-39-9.
¶ 9. The first thing we note is that subsection (4) of § 99-39-9 declares that substantial compliance is sufficient to meet the requirements for a motion for post-conviction relief, and the other subsections of § 99-39-9 outline those requirements with which a post-conviction relief motion must substantially comply. Having reviewed McDougle’s “Motion to Clarify,” we find that the motion was in the nature of a motion for post-conviction relief, even though the motion was entitled “Motion to Clarify.”
¶ 10. McDougle’s “Motion to Clarify” contained all of the following: the State of Mississippi named as a respondent, the identity of the proceedings in which the prisoner was convicted, the date of the entry of the judgment of conviction and sentence of which complaint is made, a concise statement of the claims or grounds upon which the motion is based, and various exhibits attached as support for the claims made. In addition the motion, only challenged one judgment, was verified by the oath of McDougle, and the clerk did not return the motion to McDougle as failing to substantially comply with the provisions'of § 99-39-9. In light of this, we find that McDougle’s motion did substantially comply with the requirements of § 99-39-9; therefore, we cannot say that the circuit court committed clear error in treating McDougle’s “Motion to Clarify” as a motion for post-conviction relief.
¶ 11. Having found no clear error based upon the substantial compliance of McDou-gle’s motion with the requirements of § 99-39-9, we pause to note that very frequently we see cases in which an inmate seeking post-conviction collateral relief will not denominate or style his or her motion or other paper explicitly as a “motion for post-conviction relief.” Yet, where the relief sought is in the nature of post-conviction collateral relief, in such cases the trial court treats the motion as a motion for post-conviction relief, and rules upon it accordingly. See Ryals v. State, 881 So.2d 933, 934(113) (Miss.Ct.App.2004) (inmate filed motion to “vacate and set aside guilty plea,” which was treated by the trial court as a motion for post-conviction relief); Williams v. State, 872 So.2d 711, 712(¶ 1) (Miss.Ct.App.2004) (trial court treated a petition for writ of errdr coram nobis as a motion for post-conviction relief); Stone v. State, 872 So.2d 87, 88(¶ 7) (Miss.Ct.App. 2004) (a “petition for production of records” was treated as a motion for post-conviction relief). These are just a few cases which are representative of the very many cases in which various different *772 kinds of documents filed by an inmate have been treated by the trial court as a motion for post-conviction relief.
¶ 12. In the case of Moore v. State, 859 So.2d 1018 (Miss.Ct.App.2003), we addressed this issue specifically. In Moore, a former inmate filed a complaint for declaratory judgment regarding a prior conviction for which he had served time. Id. at 1018 (¶¶ 1-2). The trial court treated the complaint as a motion for post-conviction relief and dismissed it as time-barred under Mississippi Code Annotated § 99-39-5 (Rev.2000), a subsection of the Uniform Post-Conviction Collateral Relief Act. Moore, 859 So.2d at 1018-19 (¶¶ 1-7). The former inmate in that case argued on appeal that the trial court erred in treating his complaint as a motion for post-conviction relief. Id. at 1019(¶ 8). In affirming the judgment of the trial court, we held, “The Mississippi Uniform Post Conviction Collateral Relief Act provides the exclusive and uniform procedure for the collateral review of convictions and sentences in this state.” Id. at 1019(¶ 10) (citing Walker v. State, 555 So.2d 738, 741 (Miss.1990)).
¶ 13. Thus, under the Moore holding, it appears that collateral, as opposed to direct, challenges to a conviction and/or sentence fall within the parameters of the Uniform Post-Conviction Collateral Relief Act. McDougle’s motion to clarify in this case, since it collaterally attacks his sentence as excessive and/or erroneous due to the trial judge’s mistake, falls under the Uniform Post-Conviction Collateral Relief Act. This fact, in addition to what we noted above regarding the substantial compliance of McDougle’s motion with the formal requirements of § 99-39-9, further support the finding that McDougle’s “motion to clarify” was in the nature of a motion for post-conviction relief. Therefore, it was not clear error for the trial court to treat McDougle’s “Motion to Clarify” as a motion for post-conviction relief.
¶ 14. We do note, however, that McDougle’s complaints about alleged inaccuracies in his NCIC record are not properly addressed in this case in a motion for post-conviction relief. Such complaints deal with administrative matters that must first be addressed to the Administrative Review Program of the Mississippi Department of Corrections. Miss.Code Ann. § 47-5-803(2) (Rev.2004); Hums v. Mississippi Dept, of Corrections, 878 So.2d 223, 226(¶ 9) (Miss.Ct.App.2004). Claims of that kind may not be raised for the first time on appeal or in a motion for post-conviction relief. Id; McBride v. Sparkman, 860 So.2d 1237, 1240-41(¶ 10) (Miss. Ct.App.2003). Thus, we find that McDou-gle’s challenges to alleged inaccuracies in his record are procedurally barred.
¶ 15. Having found no clear error in the circuit court’s conclusion that McDougle’s motion was properly treated as a motion for post-conviction relief, and having dealt with McDougle’s claims of alleged inaccuracies in his record, we now turn to discuss briefly the merits of the first issue. As noted above, McDougle argues that the circuit court erred in confusing the sentences of McDougle and Moncrief from the 1979 conviction.
¶ 16. Our review of the record reveals that the trial court did, indeed, erroneously attribute Moncriefs sentence to McDougle in making a decision in the sentencing of the 1996 conviction. However, we find this error to have been harmless. This is so for two reasons. First, the State correctly argues that the enhancement of McDougle’s 1996 sentence was not dependent upon the length or severity of the 1979 sentence. Rather, the enhancement of McDougle’s 1996 sentence was possible due to the mere fact that McDou-gle had a prior conviction, however stiff or *773 light the sentence for that prior conviction may have been. Miss.Code Ann. § 41-29-147 (Rev.2001). Second, even if the length or severity of the sentence mattered, Mon-crief s 1979 sentence was of lesser duration than McDougle’s 1979 sentence. Moncrief was sentenced to serve three years and to pay a fíne, while McDougle was sentenced to serve four years. Thus, McDougle can hardly maintain that the error harmed him, since the error resulted in the court thinking that McDougle had received a lesser sentence than he actually had for his prior conviction.
¶ 17. Therefore, while we reiterate that McDougle’s motion is clearly time-barred under Mississippi Code Annotated § 99-39-5, we nonetheless point out that his first issue would lack merit in any event, because the circuit court’s error, if any, was harmless.
II. WHETHER THE COURT EXCESSIVELY SENTENCED THE DEFENDANT BASED ON THE PREVIOUS. SENTENCE OF HIS CO-DEFENDANT?
¶ 18. McDougle argues that, based upon the circuit court’s error in confusing Moncrief s sentence for the 1979 conviction with McDougle’s, he received an excessive sentence that should be overturned. The State argues that McDougle’s sentence could not have been excessive, because the trial judge imposed a lesser sentence than the maximum that could have been imposed under Mississippi Code Annotated § 41 — 29—139(b)(1) (Rev.2001) and § 41-29-147 (Rev.2001).
STANDARD OF REVIEW
¶ 19. Since this issue arises in the context of McDougle’s challenge to the dismissal of his motion for post-conviction relief, our standard of review is the same as that employed in our discussion of issue one above. Thus, in considering this issue, we will review the record for clear error. Smith, 806 So.2d at 1150(¶ 3).
DISCUSSION
¶ 20. This issue need not detain us long, because we find the State’s argument to be correct. Normally, the question we ask in sentencing matters is whether the sentence imposed falls within the range of available sentences in the particular statute at issue. Wash v. State, 880 So.2d 1054, 1057(¶ 12) (Miss.Ct.App.2004). If the sentence falls within the applicable statutory range, then we will affirm the judgment. Id.
¶ 21. Applying that question to the case sub judice, we note from the record that McDougle was sentenced to serve thirty-five years in the custody of the Mississippi Department of Corrections. We also note that the two statutes relevant to McDou-gle’s sentencing, Mississippi Code Annotated § 41 — 29—139(b)(1) and Mississippi Code Annotated § 41-29-147, provide for a maximum sentence of up to sixty years. This is because § 41-29-139(b)(l) provides a maximum sentence of thirty years -for a conviction under that section and § 41-29-147 provides that a second or subsequent offense may result in a sentence of twice the term otherwise authorized. Based upon this, it becomes clear that the sentence imposed by the trial court fell within the statutory range of available sentences. McDougle was sentenced to serve thirty-five years, and the applicable statutes provide for a maximum sentence of up to sixty years. Therefore, McDougle’s sentence was well within the applicable statutory range, and, because of that, we cannot say that McDougle’s sentence was excessive.
¶22. In conclusion, we reiterate that we can find no clear error in the circuit court’s denial of McDougle’s motion for post-conviction relief. The motion was filed well beyond the three year limitation *774 period prescribed by Mississippi Code Annotated § 99-39-5. Nevertheless, having proceeded to discuss the merits of the issues McDougle raises, we find that the issues he raises would have been without merit, even had his motion been timely.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHO-BA COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.