# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00061-COA

**KENNETH CUNNINGHAM A/K/A KENNETH S. CUNNINGHAM A/K/A KENNETH SCOTT CUNNINGHAM**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/16/2019 |
| TRIAL JUDGE: | HON. ROBERT THOMAS BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KENNETH CUNNINGHAM (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED AS MODIFIED - 09/29/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**McDONALD, J., FOR THE COURT.**

¶1. Kenneth Cunningham, who is currently incarcerated with the Mississippi Department of Corrections serving a sentence from a drug conviction in Lauderdale County, Mississippi, claims he was not credited for time he was held in Neshoba County under a pre-trial detainer from Lauderdale County. Cunningham filed a "Motion for Pre-Sentence Jail Time" in the Lauderdale County Circuit Court seeking relief on this issue. The Lauderdale County Circuit Court denied Cunningham's motion, saying (1) that it had no authority to change his sentence because the court term in which Cunningham was sentenced had expired and (2) that Cunningham was not entitled to credit for the days in dispute because they were credited to

him as "time served" in a Neshoba County case in which he also had pleaded guilty. Cunningham now appeals. We hold that the circuit court was correct in finding that it did not have authority to consider Cunningham's motion if it were merely a motion to modify his sentence because such a motion must be filed within the term in which Cunningham was sentenced. Even if Cunningham's motion is considered a motion for post-conviction relief (PCR), a motion for PCR is not the vehicle to challenge jail-time credit. Accordingly, we strike the circuit court's finding that Cunningham has received credit for his Neshoba County jail time.

### Facts

¶2. On September 25, 2013, Kenneth Cunningham allegedly sold methamphetamines in Lauderdale County, Mississippi. He was arrested on December 2, 2013, and posted bond on December 13, 2013. On May 21, 2014, a Lauderdale County grand jury indicted Cunningham for the September offense. Apparently, before he could be served with the Lauderdale indictment, Cunningham was arrested in Neshoba County on June 12, 2014, for new charges committed there for possession of several controlled substances. He was unable to post bond and remained jailed in Neshoba County from June 12, 2014, until August 6, 2015, (a total of 420 days) because Lauderdale County placed a detainer on him during this time. But for the detainer, Cunningham could have obtained a bond and been released pending trial on the charges in both counties.

¶3. On August 6, 2015, Cunningham was transferred to Lauderdale County and incarcerated there pending trial. But his Lauderdale County case was continued several

2

times.

¶4.    While the Lauderdale County case was still pending, on September 1, 2015, a Neshoba County grand jury indicted Cunningham for his June 2014 offenses. On March 16, 2016, Cunningham pleaded guilty to the Neshoba County charges. On that same day, the Neshoba County Circuit Court entered a "Judgment on Guilty Plea" in which it sentenced Cunningham to "time already served as reflected on Defendant's commitment order" and to the payment of a fine and court costs. The "commitment order" was not included in the record of this case—only a Neshoba County jail sheet reflecting the dates of his incarceration in Neshoba County while being held under the Lauderdale County detainer is included in this record. Without the "commitment order," it is impossible to definitively determine the amount of "time served" to which the Neshoba County Circuit Court referred in its sentencing order.

¶5.    On August 1, 2016, Cunningham pleaded guilty in the Lauderdale County case and was sentenced to serve seven years, without eligibility for parole, "to run consecutive to any other sentences." Cunningham's "Petition to Enter Plea of Guilty" indicated that he was entitled to 381 days of time served, including December 3-13, 2013; April 30, 2014 to May 4, 2014; and August 5, 2015, through the "present." This time totaled 381 days. These dates represented only the time he spent in the Lauderdale County jail; it did not include the 420 days Cunningham spent in the Neshoba County jail under the Lauderdale detainer. Thus, the Lauderdale County Circuit Court order that accepted Cunningham's guilty plea did not include any Neshoba County jail time. Cunningham claims that when he questioned his

3

attorney about this calculation, he was told that the Mississippi Department of Corrections (MDOC) would give him credit for the Neshoba County pre-trial detention time.

¶6.    On November 21, 2018, Cunningham filed a "Motion for Pre-Sentence Jail Time" in his Lauderdale County case, which is the subject of this appeal. His motion does not indicate that it was being filed as a PCR motion under Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA), Miss. Code Ann. §§ 99-39-1 to -29 (Rev. 2015). In his motion, Cunningham requested that the Lauderdale Circuit Court give him credit for the 420 days he had served in pre-trial detention in Neshoba County from June 12, 2014, to August 5, 2015. Around the same time that Cunningham filed his motion with the court, on December 12, 2018, Cunningham filed a grievance through MDOC's administrative remedy program (ARP) seeking the same relief, i.e., attempting to get the days he spent in pre-trial detention in Neshoba County credited to his Lauderdale County sentence.[1]

¶7.    Cunningham refiled his motion in the Lauderdale Circuit Court as a "Renewed Motion for Pre-Sentence Jail Time" on March 21, 2019. Again, there was no reference made to the UPCCRA. On March 22, 2019, the law clerk for the circuit court judge of Lauderdale County wrote Cunningham a message, telling him that he had received the full 381 days credit that was included in his guilty plea. She further advised, "If you still wish to go

---

[1] The materials related to Cunningham's internal grievances were not included in the record of this case. The State represented in its brief that Cunningham filed two ARP's on the matter but that the MDOC refused to take any action on Cunningham's grievances filed in 2018 because the jail time went back to 2014 and 2015. The State further says that the MDOC's final rejection was issued on June 24, 2019, and that Cunningham appealed it to the Sunflower County Circuit Court on August 22, 2019. As of the filing of the State's brief, May 10, 2020, Cunningham's motion for judicial review of the MDOC ARP denials was still pending. Cunningham does not dispute this.

4

forward in an attempt to receive jail time credit for the days you listed in your letter, please contact [the] Mississippi Department of Corrections Records department."

¶8. Receiving no response to his motion from the circuit court judge himself, on October 8, 2019, Cunningham petitioned the Mississippi Supreme Court for a writ of mandamus to compel the circuit court to rule on his motion. The Lauderdale County Circuit Court responded to the petition for writ of mandamus on October 22, 2019. The court said that it could take no further action because the additional credit requested by Cunningham was for time that Cunningham had served (and was given credit for) in his prior conviction in Neshoba County.[2] On December 10, 2019, the Mississippi Supreme Court found that no ruling had yet been entered on Cunningham's motion and it ordered the Lauderdale County Circuit Court to do so.

¶9. Thereafter, on December 16, 2019, the Lauderdale County Circuit Court denied Cunningham's motion, saying that it had no authority to reconsider a sentence once the term of court in which the defendant was sentenced was over. In addition, the circuit court held that the jail-time credit Cunningham had requested was already given to him in his prior conviction in Neshoba County. On January 3, 2020, Cunningham timely filed his notice of appeal.[3]

---

[2] It is unclear how the circuit court determined this when there is nothing in the record to show that Cunningham was specifically given credit for the full 420 days spent in Neshoba County.

[3] In his briefs to this Court, Cunningham recounted a number of facts that were not contained in either his original or renewed motion for jail-time credit filed with the circuit court. He says that in his Lauderdale County "Petition to Plead Guilty," his attorney and the district attorney calculated the time he was to be credited. His attorney said he never called

## Discussion

**I.**    **Whether the circuit court had the authority to revise Cunningham's sentence.**

¶10.    We have held that a circuit court can only reconsider a sentence pursuant to a motion filed before the end of the sentencing term unless such a motion is brought pursuant to the UPCCRA.[4]  An example is the case of *Carr v. State*, 881 So. 2d 261 (Miss. Ct. App. 2003). There, Carr pleaded guilty to a charge of the sale of a controlled substance but sentencing was deferred to a later date.  *Id.* at 262 (¶1).  When the court scheduled the hearing, Carr received only one day's notice.  *Id.* at 263 (¶4).  His attorney moved for a continuance which was denied, and after hearing what witnesses may have testified to, the circuit court sentenced Carr to fifteen years with five suspended.  *Id*. at (¶¶4-5).  Carr's attorney immediately prepared a motion to reconsider, but it was not stamped-filed by the clerk until several days later, after the term of court had ended.  *Id.* at (¶6).  One year later, Carr filed

---

to find out the number of days that Cunningham had spent in Neshoba County.  His attorney later told him he would need to get those days credited by the MDOC.  However, when he spoke to his MDOC case manager, he was told he would have to get someone to go to Neshoba County to get those dates.  The only person Cunningham had to do this was his father, who was burdened with caring for his wife who was battling cancer.  A few months later, after she passed away, Cunningham's father went to the Neshoba County jail and was told that Lauderdale County had to request the records.  Cunningham's MDOC case manager did not know what else to do.  When Cunningham was transferred to a different facility, he spoke to his new case manager, who told him to file an ARP internal grievance with the MDOC, which Cunningham has done.  Because these facts were not presented to the circuit court, we will not consider them.  However, the outcome of this appeal is not dependent on these facts.

[4] The UPCCRA provides a uniform procedure for the collateral review of convictions and sentences.  Miss. Code Ann. § 99-39-3(1).  Such a motion may be filed up to three years following a plea of guilty unless the claim fits under a statutory exception.  Miss. Code Ann. § 99-39-5(2).

6

another "Motion for Reconsideration or in the Alternative, Post-Conviction Relief." *Id.* The circuit court ultimately denied Carr's motion, saying that it lacked authority to change the sentence because the term had expired. *Id.* at 264 (¶7). On appeal, we agreed that the circuit court did not have authority to consider Carr's sentence because his original motion had not been filed within his sentencing term. *Id.* at 264-65 (¶11). However, we said that the circuit court could consider the PCR motion because such a motion is not time-barred because of the expiration of the term. *Id.*

¶11.    In *Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010), we considered an inmate's motion filed after his sentencing. There Seal pleaded guilty to two counts of manslaughter and was sentenced to twenty years on each count, with the sentences to run consecutively. *Id.* at 636 (¶1). A few days later, the judge told counsel that she thought that some of the time should be suspended, but because Seal was sentenced during a vacation term, she felt she did not have the authority to do so. *Id.* Seal filed a motion to reduce the sentence anyway, which the circuit court denied. *Id.* A few days after that denial, Seal filed a motion asking the circuit court to consider his motion for reduction of sentence as a motion for post-conviction relief as well. *Id.* at 637 (¶4). Seal timely appealed from the court's denial of his original motion for a reduction of his sentence. *Id.* When the circuit court later denied his motion to have the matter considered as a PCR motion, Seal failed to appeal or amend his prior appeal to include the denial of his PCR motion. *Id*. at 638 (¶9). We noted that the circuit court did not have jurisdiction to amend Seal's sentence because reconsideration of a sentence must occur prior to the expiration of the sentencing term. *Id.* at 638 (¶7). We

7

pointed out that Carr did have available the separate avenue to raise his claims—his PCR motion. *Id.* at 638 (¶9). However, because Carr had not appealed the circuit court's denial of that motion, we dismissed the issue without prejudice. *Id.*

¶12. In this case, Cunningham never styled his motions (the original or renewed motion) as anything but a "Motion for Pre-sentence Jail Time." He made no reference to the basis he was relying upon for relief nor any reference to his pleading being a PCR motion under the UPCCRA as the defendant did in *Seal*. If it were not a motion filed under the UPCCRA, the circuit court was correct that it had no authority to consider it because Cunningham's sentencing term had long expired.

¶13. We have held that the failure to specifically name the statute does not mean that an inmate's motion cannot be considered as a PCR motion under the UPCCRA. To determine if it can be, we have instructed courts to examine the pleading filed and see if it substantially complies with the pleading requirements of the Act. An example of this is found in *McDougle v. State*, 918 So. 2d 768 (Miss. Ct. App. 2005). There, McDougle was convicted of the sale of cocaine in March 1996. *Id.* at 769 (¶3). His sentence was enhanced due to a prior conviction in 1979. *Id.* After he voluntarily dismissed a PCR motion without prejudice in 1999, he filed a "Motion to Clarify" his sentence on January 23, 2003. *Id.* The circuit court denied the motion, finding it to be a PCR motion and time-barred because it was filed more than three years after McDougle's conviction. *Id.* at 770 (¶4). On appeal, we first had to determine if McDougle's "Motion to Clarify" could be considered as a PCR motion even though it was not styled as such. *Id.* at (¶8). We reviewed the formal requirements of

8

pursuing a PCR motion under Mississippi. Code Annotated section 99-39-9 (Rev. 2000). *McDougle*, 918 So. 2d at 770 (¶18). We noted that under that statute, the State of Mississippi must be named as a respondent, the proceedings in which the prisoner was convicted must be identified, and the date of entry of judgment and sentence should be identified, along with a concise statement of the grounds on which the motion is brought. *Id*. at (¶10). The motion must also be verified by the oath of the prisoner. *Id.* We noted that if the motion received by the clerk does not substantially comply with the requirements listed, the clerk is to return it to the prisoner with the reasons for the return. *Id.* at 771 (¶8). We found that McDougle's "Motion to Clarify" substantially complied with the statutory requirements, because, among other things, it contained the elements listed and it was verified by McDougle under oath. *Id.* at (¶10). Moreover, the clerk did not return the motion to McDougle for any deficiencies. *Id*.

¶14. Here, Cunningham's motions also substantially comply with the pleading requirements such that the circuit court could consider it as a PCR motion under the statute. Cunningham named the State as a respondent; he identified the proceeding in which he was convicted; he listed the reasons for his claim for relief; he signed it under oath; and the motion was not returned by the clerk for any deficiencies.

¶15. Accordingly, we agree with the Lauderdale County Circuit Court that had Cunningham's motion not met the criteria under the UPCCRA, the circuit court did not have the authority to consider it because it was filed after the term of Cunningham's sentencing. However, in this case, Cunningham's filing did substantially meet those requirements, and

9

the circuit court did have authority to consider it as a properly and timely filed statutory motion for post-conviction relief.

## II. Whether the circuit court erred in failing to grant additional jail-time credit to Cunningham.

¶16. Even though the circuit court ruled that it did not have the authority to alter Cunningham's sentence, it also ruled that Cunningham was not entitled to any reduction because the Neshoba County jail time had been credited to a prior conviction. We must strike this finding because a PCR motion is not the proper vehicle to challenge jail-time credit.

¶17. We held in *Moore v. State*, 859 So. 2d 1018, 1019 (¶10) (Miss. Ct. App. 2003), that "the Mississippi Uniform Post Conviction Collateral Relief Act provides the exclusive and uniform procedure for the collateral review of convictions and sentences in this state." We have entertained PCR motions concerning certain sentencing in other cases. *See Buckhalter v. State*, 284 So. 3d 831, 834 (¶8) (Miss. Ct. App. 2019) ("[W]e also clarified that "[a] PCR motion is the proper avenue for challenging the legality of a sentence . . . .") (quoting *McKenzie v. State* , 66 So. 3d 1274, 1275 (¶3) (Miss. Ct. App. 2011)). But in those cases, prisoners raised challenges to the legality of their sentences. For example, in *Buckhalter*, the defendant claimed he had been sentenced twice for the same offense—a violation of the double-jeopardy clause of the Fifth Amendment to the United States Constitution. *Buckhalter*, 284 So. 3d at 833 (¶6). More recently, we considered a PCR motion concerning the allegedly unlawful revocation of a prisoner's post-release supervision. *Blankenship v. State*, 295 So. 3d 1011, 1013 (¶7) (Miss. Ct. App. 2020).

10

¶18. But a motion for PCR is not the vehicle to use when a prisoner seeks to obtain jail-time credit. We recently reiterated this in *Easterling v. State*, 283 So. 3d 1198 (Miss. Ct. App. 2019). In that case Easterling had pleaded guilty and was sentenced on three counts of selling methamphetamine. *Id*. at 1199 (¶1). He was given three sentences of ten, ten, and thirty years, each to run consecutively, with twenty-five years suspended. *Id.* Easterling later filed a PCR motion claiming that the MDOC had failed to credit him for 311 days he served prior to his plea and sentencing. *Id.* Easterling's motion included a reference to his "exhausting his administrative remedies," but he did not attach any ARP decision. *Id.* The circuit court dismissed his PCR motion because he had challenged more than one judgment. *Id.* at (¶2). We affirmed the circuit court's dismissal but for a different reason. *Id*. at 1200 (¶4). We said:

> This Court has held that "a post-conviction relief pleading is not the proper means to calculate and receive credit for time served." *Gable v. State*, 919 So. 2d 1075, 1077 (¶¶6-8) (Miss. Ct. App. 2005) (quoting *Murphy v. State*, 800 So. 2d 525, 527-28 (¶10) (Miss. Ct. App. 2001)). If an inmate is aggrieved by the calculation of credit for time served, he should send a request to the proper authorities within MDOC's administrative system. *Id*. If he is denied credit for time served, he may then seek redress from the courts. *Id.* This issue is not a proper subject for a motion for post-conviction relief. *Id.*

*Id.* (other citation omitted). We noted that the proper method for calculating jail credit for time served was through the MDOC's ARP—not by filing a freestanding PCR motion. *Id*.

¶19. In this case, Cunningham indicates that he has filed an ARP grievance concerning this matter and that an appeal thereof is currently pending in the circuit court. Accordingly, we strike the Lauderdale County Circuit Court's ruling on whether Cunningham should or did receive credit for his Neshoba County pre-trial detention time.

**Conclusion**

¶20. Were Cunningham's motion simply one to revise his sentence, we agree that the circuit court had no authority to consider it because it was filed after the expiration of the term of court in which Cunningham was sentenced. However, because the motion substantially complied with the UPCCRA filing requirements, the circuit court did have the authority to consider it as a statutory PCR motion. But even considering it as such, because a PCR motion is not the method to challenge jail-time credit decisions, we strike the circuit court's ruling that Cunningham has received the Neshoba County jail-time credit. A proper review by the Sunflower County Circuit Court of Cunningham's appeal of his MDOC grievances of this matter should include the Neshoba County Circuit Court's commitment order so that the "time-served" can be definitely identified. The Supreme Court Clerk is hereby instructed to furnish a copy of this opinion to the Circuit Court of Sunflower County.

¶21. **AFFIRMED AS MODIFIED.**

**CARLTON, P.J., GREENLEE, WESTBROOKS, LAWRENCE AND McCARTY, JJ., CONCUR. BARNES, C.J., AND WILSON, P.J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**