# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-KA-01281-SCT

*WILLIE ALBERT LETT a/k/a CHUBBY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/02/2006 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GEORGE S. SHADDOCK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS |
| DISTRICT ATTORNEY: | ANTHONY N. LAWRENCE, III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/04/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DIAZ, P.J., CARLSON AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     In 2004, Willie Albert Lett was indicted in four separate causes. Thereafter, Lett and the State reached an agreement "to consolidate all of the . . . [i]ndictments into one plea with a sentence recommendation." Instead of sentencing Lett according to the State's recommendation, the circuit judge deferred sentencing and "order[ed] a pre-sentence investigation report." At the sentencing hearing, the circuit court imposed a sentence exceeding the State's recommendation and overruled Lett's *ore tenus* motion to withdraw his guilty plea. Lett now seeks relief from this Court.

**FACTS**

¶2.    In May 2004, Lett was indicted in Cause No. 2004-10,133(1) on counts of aggravated assault,[1] kidnaping,[2] and obstruction of justice.[3]  That same day, Lett was also indicted in Cause No. 2004-10,134(2) for possession of a weapon by a convicted felon.[4]  In August 2004, Lett was co-indicted with another individual in Cause No. 2004-10,479(2) on counts of armed robbery[5] and grand larceny.[6]  Finally, on October 26, 2004, Lett was indicted with Michelle Thawley in Cause No. 2004-10,860(2) for "feloniously and burglariously break[ing] and enter[ing] the dwelling house of Thomas Thawley . . . with the intent to steal therein" on June 12, 2004.

---

[1]Lett "did . . . feloniously . . . cause bodily injury to Michelle Thawley by a means likely to cause death or serious bodily harm with his fists by striking the said [Thawley] on the legs with a hammer or a similar type object, choking, and hitting her . . . ."

[2]Lett "did . . . feloniously . . . forcibly seize and confine or inveigle [Thawley] with the intent to cause the said [Thawley] to be secretly confined or imprisoned against her will . . . ."

[3]Lett "did . . . feloniously, impede and abusively obstruct the administration of justice by attempting to intimidate [Thawley] from signing criminal charges on [Lett] by threatening to kill her."

[4]Lett "did . . . possess a weapon, to-wit: a Arminus .22 caliber pistol, at a time when he . . . had previously been convicted of a Controlled Substance, a felony . . . in the Circuit Court of Jackson County, Mississippi, Cause No. 1994-10,399 . . . ."

[5]Lett "did . . . feloniously, take, steal and carry away from . . . Tania Hester, personal property . . . her purse and [$170.00] . . . by putting [Hester] in fear of immediate injury to her person, by the exhibition of a deadly weapon, to-wit: a pistol . . . .

[6]Lett "did . . . feloniously take, steal, and carry away the personal property of William Hester, to-wit: a 1999 Chevy S14 truck . . . of the value of [$500.00] or more . . . ."

¶3.    Thereafter, an agreement was reached to consolidate all of the above indictments into one plea with a sentence recommendation. Lett entered a "Petition to Plead Guilty" to Cause Numbers 2004-10,133(1); 2004-10,134(2); 2004-10,479(2); and 2004-10,860(2). Notably, the petition provided that:

> I . . . do answer the following questions in the presence of my attorney, George Shaddock, in order to show and demonstrate to the court that I am *knowingly, intelligently, understandingly, freely and voluntarily entering my plea of guilty* to the crime of possession of firearm, aggravated assault, burglary, grand larceny, armed robbery, kidnaping, [and] obstruction of justice in the above styled and numbered cause of this court.

(Emphasis added). The petition also included the following questions and responses:

> Do you understand the charge against you? Yes. Do you know and understand the *maximum sentence* for this crime is life? . . .
>
> Has anyone promised you anything in order to get you to plead guilty? No. Has anyone told you that it would be better for you to plead guilty, that the court would be lighter on you, or anything like those statements? No. . . .
>
> *Do you understand that, if a jury convicted you, you would have a right to appeal to our Supreme Court, but if you plead guilty, you are waiving your right to appeal your case?* Yes. . . .
>
> Do you understand that, [i]f your plea of guilty is accepted, the only thing remaining for the court to do is to sentence you, and that sentence could be to the maximum sentence provided by law? . . .
>
> *Do you understand that the court is not bound by any recommendation the State may make, but the court will determine what your sentence shall be, and that sentence could be the maximum sentence provided by law?* Yes. . . .
>
> [I]s it still your desire to enter a plea of guilty to the crime with which you are charged? Yes.

(Emphasis added).

¶4.    At the plea hearing, Lett testified that he understood that by pleading guilty he was waiving his right to appeal to this Court. The State then made the following recommendation to the circuit court:

> [w]ith regard to 04-10,133, the State will recommend on Counts I and II, 15 years in the Mississippi Department of Corrections [("MDOC")], with 5 to serve, 10 suspended, 5 years Post Release Supervision. On Count III, the State will recommend 5 years in the [MDOC].[7]  In 04-10,134, the State will recommend – I believe the maximum is 3 years, so it would be 3 years in the [MDOC]. In 04-10,479, in Count I, the State will recommend 15 years in the [MDOC], with 5 to serve, 10 suspended, 5 years Post Release Supervision, and that would be day-for-day time. . . .  On Count II, the State would recommend 5 years in the [MDOC].[8]  And in 04-10,860, the State will recommend 15 years in the [MDOC], with 5 to serve, 10 suspended, 5 years Post Release Supervision,[9] with all the counts and all the indictments to run concurrent with each other, a $2,000 fine total, restitution, if any, and we would ask for two weeks to determine restitution and court costs.

According to the State:

> the reason we made the recommendation . . . is that on the most serious offense, it was the desire of the victim really not to be involved in the case . . . they really do not want to have to come down here and do so unless we make them, and that was why I made this recommendation . . . .

Lett was then asked by the circuit judge if he "understood that I'm not bound by the recommendation of the State, and that I could sentence you to the maximum provided by law?" Lett testified that he understood. The circuit court then accepted the plea, finding it

---

[7]According to the State, victim Michelle Thawley "is okay with the recommendation . . . ."

[8]According to the State, victim Tonya Hester "is fine with the recommendation, and she said mostly she just wants them to get help for their drug addiction."  As to victim William Hester, he "indicated that he is fine with the recommendation . . . ."

[9]According to the State, the victims are Michelle Thawley's parents and "it's my understanding that they just want to let everything go."

4

was "freely, voluntarily and intelligently made." However, instead of sentencing Lett that day, the circuit court deferred sentencing and "order[ed] a pre-sentence investigation report."

¶5. At the sentencing hearing on June 2, 2006, after reviewing the pre-sentence investigation report, the judge astutely observed "[t]here is no question that [Lett] has one of the worst criminal records that I've ever seen. He has engaged in witness intimidation, and the destruction of more young lives."[10] Based on these findings, the trial court imposed a sentence exceeding the State's recommendation. Specifically, the court ordered:

> [Lett] is sentenced to Fifteen (15) Years to serve and Five (5) Years on Post Release Supervision on cause number 2004-10,133 Count I. Count II, [Lett] is sentenced to Fifteen (15) Years to serve and Five (5) [Y]ears on Post Release Supervision, and Count III is sentenced to Two (2) Years in the custody of the Mississippi Department of Corrections. On cause number 2004-10,134 [Lett] is sentenced to Three (3) Years in the custody of the Mississippi Department of Corrections. In cause number 2004-10,479, Count I [Lett] is sentenced to Fifteen (15) Years, DAY FOR DAY, and Five (5) Years on Post Release Supervision and Count II [Lett] is sentenced to Five (5)

---

[10]According to the circuit judge:

[t]he PSI was extensive and well done . . . and showed a criminal defendant with a history going back into the '70s. Crimes of violence, felonies across the City of Moss Point that were reduced to misdemeanors as a result of witness intimidation by he and his family members. It showed the degradation of young women of all colors. It showed family involvement, including his brother and his son. It showed numerous fights with law-enforcement officials in which they would try to arrest [Lett] on various charges and pit bulls were let loose and they had to be shot, and fought with [Lett]. . . . It showed women being addicted to all types of narcotics, and then put on the street as common prostitutes. . . . The Court, on its own, did the sentencing. The record will also reflect that [Lett] was extensively questioned by this Court as to full knowledge of waiver of all of his rights, and that this Court was not bound by the recommendation of the State . . . .

At the April 12, 2006, plea hearing, Lett had admitted to being convicted of two prior felonies, aggravated assault and possession.

5

Years in the custody of the Mississippi Department of Corrections. In cause number 2004-10,860 [Lett] is sentenced to Fifteen (15) [Y]ears in the custody of the Mississippi Department of Corrections, and Five (5) Years on Post Release Supervision.[11] All Causes and Counts to run Concurrent. [Lett] is remanded to the Jackson County Sheriff's Department.

On July 27, 2006, Lett filed notices of appeal in both the circuit court and this Court.

## ISSUES

¶6. The following issues were raised on appeal:

(1) Whether the guilty plea of Lett was knowingly and voluntarily given.
(2) Whether the trial judge abused his discretion in ordering a pre-sentence investigation, denying Lett's motion to withdraw his guilty plea, and not following the recommendation of the State as to the sentence.

The State asserts that Lett's appeal is procedurally barred by virtue of (a) his guilty plea and (b) its untimely filing.

## ANALYSIS

*(A) Procedural bar - Miss. Code Ann. § 99-35-101*

¶7. Mississippi Code Annotated Section 99-35-101 states, "[a]ny person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court *shall not* be allowed in any case where the defendant enters a *plea of guilty*." Miss. Code Ann. § 99-35-101 (Rev. 2007) (emphasis added). In *Trotter v. State*, 554 So. 2d 313 (Miss. 1989), this Court provided:

[i]n *Burns v. State*, 344 So. 2d 1189 (Miss. 1977), this Court implied that an appeal from a *sentence* imposed pursuant to a guilty plea is not equivalent to an appeal from the guilty plea itself. In *Burns*, an appeal from denial of a habeas corpus petition challenging the legality of a sentence imposed

---

[11]Among the conditions of Post Release Supervision, Lett was required to pay court costs, a $2,000 fine, and restitution.

6

subsequent to a guilty plea was treated by this Court as a direct appeal. While the Court acknowledged the language of § 99-35-101, the Court stated: "We do not deem the present case as an appeal from a guilty plea." **Burns**, 344 So. 2d at 1190.

**Trotter**, 554 So. 2d at 315. *See also **Johnson v. State***, 925 So. 2d 86, 88 n. 1 (Miss. 2006) (as "Johnson seeks relief only from the length of the sentence imposed by the trial judge, and he in no way attacks the guilty plea itself[,] . . . this Court [has] jurisdiction to consider, on direct appeal, the issue of the length of Johnson's sentence."); ***Acker v. State***, 797 So. 2d 966, 967 (Miss. 2001) ("[t]his Court has stated that a defendant who pleads guilty can appeal from the sentence imposed."). As such, this Court finds that pursuant to Mississippi Code Annotated Section 99-35-101, Lett possesses the right to appeal, but the right extends only to alleged errors in *sentencing*.

*(B) Procedural bar - Mississippi Rule of Appellate Procedure 4*

¶8. The State next contends that "the judgment appealed from was signed and filed on June 2, 2006 . . . . The notice of appeal was not filed until July 27, 2006 . . . . Accordingly, the notice of appeal was not timely filed pursuant to M.R.A.P. 4, and this putative appeal should be dismissed pursuant to M.R.A.P. 2."

¶9. Mississippi Rule of Appellate Procedure 4(a) states, in part, that:

> [e]xcept as provided in Rules 4(d) and 4(e), in a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 *shall* be *filed* with the clerk of the trial court *within 30 days* after the date of entry of the judgment or order appealed from.

Miss. R. App. 4(a) (emphasis added). Mississippi Rule of Appellate Procedure 2(a)(1) provides, "[a]n appeal shall be dismissed if the notice of appeal was not timely filed pursuant

7

to Rules 4 or 5." Miss. R. App. P. 2(a)(1). In the case *sub judice*, the circuit court's order was entered on June 2, 2006. We find Lett's notice of appeal was not *filed* until July 27, 2006. Given that filing of Lett's notice of appeal occurred more than "30 days after the date of entry of the judgment or order appealed from[,]" Miss. R. App. P. 4(a), this Court finds that Lett's appeal is procedurally barred.

¶10. Assuming arguendo that the procedural bar did not apply, the result is the same. "This Court has held that sentencing is within the discretion of the trial court and is not subject to appellate review if it is within the limits prescribed by statute." **Wade v. State**, 802 So. 2d 1023, 1030 (Miss. 2001) (citing **Hoops v. State**, 681 So. 2d 521, 537 (Miss. 1996)). The circuit court had the discretion to reject the State's recommendation, *see* **Wade**, 802 So. 2d at 1028, and exercised that discretion. Any argument of detrimental reliance asserted by Lett is negated by the fact that he was repeatedly informed of the circuit court's discretion in sentencing. Additionally, Lett was informed that the maximum sentence was life imprisonment and the actual sentence imposed was well within that prescribed limit. *See id*. at 1030. As such, this Court further finds that there was no abuse of discretion by the learned circuit judge in sentencing Lett.

## CONCLUSION

¶11. Based upon the aforementioned analysis, this Court affirms the final judgment and sentence of the Circuit Court of Jackson County as to Lett.

¶12. **COUNT I IN CAUSE NO. 2004-10,133: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND FIVE (5) YEARS ON POST RELEASE SUPERVISION, WITH CONDITIONS, AFFIRMED. COUNT II IN CAUSE NO. 2004-10,133: CONVICTION OF KIDNAPING AND SENTENCE OF**

8

FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND FIVE (5) YEARS ON POST RELEASE SUPERVISION, WITH CONDITIONS, AFFIRMED.  COUNT III IN CAUSE NO. 2004-10,133: CONVICTION OF OBSTRUCTION OF JUSTICE AND SENTENCE OF TWO (2) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.  CAUSE NO. 2004-10,134: CONVICTION OF POSSESSION OF A WEAPON BY A CONVICTED FELON AND SENTENCE OF THREE (3) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.  COUNT I IN CAUSE NO. 2004-10,479: CONVICTION OF ARMED ROBBERY AND SENTENCE OF FIFTEEN (15) YEARS, DAY FOR DAY, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND FIVE (5) YEARS ON POST RELEASE SUPERVISION, WITH CONDITIONS, AFFIRMED.  COUNT II IN CAUSE NO. 2004-10,479: CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.  CAUSE NO. 2004-10,860: CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND FIVE (5) YEARS ON POST RELEASE SUPERVISION, WITH CONDITIONS, AFFIRMED.  ALL SENTENCES IN ALL CAUSES AND COUNTS TO RUN CONCURRENTLY.

SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, GRAVES, DICKINSON AND LAMAR, JJ., CONCUR.