KING, C.J.,
 

 for the Court:
 

 ¶ 1. Stephen E. Seal a/k/a Bo Seal pled guilty in the Circuit Court of Sunflower County to two counts of culpable-negligence manslaughter. Seal was sentenced to serve a term of twenty years on each count in the custody of the Mississippi Department of Corrections, with the two sentences to run concurrently. Within five days of Seal’s guilty pleas and sentences, the trial judge informed defense counsel and the district attorney that after reflecting upon Seal’s sentences, she believed that some of the time imposed should have been suspended. However, because the sentences were imposed during a vacation term, she did not have the authority to amend them. Thereafter, Seal filed a motion for reduction of sentence, which was denied pursuant to
 
 Leverette v. State,
 
 812 So.2d 241 (Miss.Ct.App.2002). Aggrieved, Seal has appealed. Seal argues that: (1) the appellate court does have proper jurisdiction over this appeal, and (2) the trial court erred in failing to recast and consider his motion for a reduction of sentence as a motion for post-conviction relief.
 

 FACTS
 

 ¶ 2. On March 6, 2006, Seal got off work, picked up his friend John Bell, and purchased some marijuana. After smoking the marijuana, Seal and Bell purchased a muzzle-loader rifle and went to Xan Steed’s home. Laurie Thomas was visiting Steed when Seal and Bell arrived. Upon his arrival, Seal took his recently-purchased rifle into the house to show it off. During the course of his visit, while in the bedroom of the house with Bell, Thomas, and Steed, Seal began waving the rifle around making a noise as if he were firing the rifle. Thereafter, Bell handed Seal a pistol, and Seal began to wave the pistol around in the same manner as he had previously done with the rifle. While waving the pistol around, Seal pulled the trigger, and a bullet from the pistol struck Thomas in her forehead. Bell ran from the house. Initially Seal ran after Bell, but he returned to the house. When Seal returned to the house, Steed told him to
 
 *637
 
 call 911. Seal and Steed remained at the house with Thomas until emergency assistance arrived. Thomas and her unborn child subsequently died as a result of their injuries.
 

 ¶3. On January 9, 2008, Seal entered guilty pleas to culpable-negligence manslaughter. Seal was sentenced to twenty years on both counts to be served in the custody of the Mississippi Department of Corrections, with the sentences to run concurrently.
 

 ¶ 4. On January 14, 2008, during a telephonic conference with defense counsel and the district attorney, the trial judge informed both attorneys that after reflecting upon Seal’s sentences on January 10, 2008, she believed that some of the imposed sentences should have been suspended. The trial judge informed the attorneys that because the sentences were imposed during a vacation term, she did not have the authority to amend them. The trial judge gave counsel an opportunity to present authority on the issue. On January 22, 2008, Seal filed a motion for a reduction of sentence. The court’s order denying any reduction of sentence was filed on July 15, 2008. On August 7, 2008, Seal filed a motion requesting that the trial court designate and consider his January 22, 2008, motion for a reduction of sentence as a motion for post-conviction relief. On August 14, 2008, pursuant to Mississippi Rule of Appellate Procedure 4(a), Seal filed his notice of appeal. On October 31, 2008, the trial judge denied Seal’s motion requesting that the motion for a reduction of sentence be designated and considered as a motion for post-conviction relief.
 

 DISCUSSION
 

 I. Whether this Court has jurisdiction to consider this appeal.
 

 ¶ 5. In his brief, Seal requests this Court to consider his motion for a reduction of sentence and to consider the trial court’s denial of his motion for a reduction of sentence as an appealable issue. The State argues that the denial of Seal’s motion to reduce his sentence is not an ap-pealable order, and this Court lacks jurisdiction to hear the appeal. In its order denying Seal’s motion for a reduction of sentence, the trial court acknowledged its desire to suspend part of the sentences imposed, but the court stated it lacked the jurisdiction to do so. The trial court ruled that pursuant to
 
 Leverette,
 
 it did not have the authority to alter a sentence imposed during vacation.
 

 ¶ 6. This Court always has jurisdiction to determine whether it properly has jurisdiction. If the Court determines that it has jurisdiction, then it may proceed to address the substantive appeal. In addressing the threshold jurisdiction issue, this Court looks at Mississippi Rule of Appellate Procedure 4(a) which, in relevant part, states:
 

 Except as provided in Rules 4(d) and 4(e), in a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from. If a notice of appeal is mistakenly filed in the Supreme Court, the clerk of the Supreme Court shall note on it the date on which it was received and transmit it to the clerk of the trial court and it shall be deemed filed in the trial court on the date so noted.
 

 The order denying Seal’s motion for a reduction of sentence was entered on July 15, 2008. Seal filed his notice of appeal on August 14, 2008, which is within the thirty
 
 *638
 
 days of the denial of the motion for a reduction of sentence. Therefore, this Court has jurisdiction of this issue.
 

 ¶ 7. Having found this Court’s jurisdiction to be proper, we now consider whether the trial court had the authority to amend Seal’s sentence. We find that the trial court’s judgment that it did not have proper jurisdiction to amend Seal’s sentence was not in error. “A reduction or reconsideration of a sentence by a judge must occur prior to the expiration of the sentencing term.”
 
 Carr v. State,
 
 881 So.2d 261, 264 (¶8) (Miss.Ct.App.2003). Therefore, we affirm the judgment of the trial court.
 

 ¶ 8. While we affirm the denial of Seal’s motion, we note that Mississippi Code Annotated section 99-35-101 (Supp. 2009),
 
 [1]
 
 was amended effective July 1, 2008, to prohibit any direct appeal upon entry of a guilty plea. However, prior to the amendment of the statute, a defendant, who entered a guilty plea and was sentenced, was allowed to challenge on direct appeal any sentence imposed as a result of his guilty plea.
 
 Burrough v. State,
 
 9 So.3d 368, 374 (¶ 18) (Miss.2009);
 
 Trotter v. State,
 
 554 So.2d 313, 315 (Miss.1989). Seal entered his guilty pleas on January 9, 2008, prior to the effective date of the amendment to 99-35-101; therefore, the change does not impact his appeal.
 

 II. Whether Seal’s motion for a reduction of sentence should have been recast and considered as a motion for post-conviction relief, and whether Seal should be granted relief from his sentence.
 

 ¶ 9. Prior to filing his notice of appeal, Seal filed a motion requesting that the trial court designate his motion for a reduction of sentence as a motion for post-conviction relief. The trial court denied that motion on October 31, 2008, well after Seal filed his notice of appeal on August 14, 2008. In that notice of appeal, Seal stated that he was appealing from “... the final judgment entered on the plea in this case on January 9, 2008, and the Court’s denial of the Defendant’s Motion for Reduction of Sentence, by Order entered July 14, 2008.” Seal did not amend the notice of appeal of August 14, 2008, to include the trial court’s denial of his request to treat his motion as a request for post-conviction relief. Nor did Seal file a separate notice of appeal of the October 31, 2008, denial of his request to treat his motion as one for post-conviction relief. While Seal has raised this issue in his brief, because no notice of appeal was given on this issue, it is not properly before this Court. M.R.A.P. 3(c) and 4(e). Because issue two is not properly before this Court, we dismiss it without prejudice to Seal’s right to pursue a proper motion for post-conviction relief should he choose to do so.
 

 ¶10. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Mississippi Code Annotated section 99-35-101 (Supp.2009) states: "Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.” This section was amended, effective July 1, 2008.