CARLTON, J.,
 

 for the Court:
 

 ¶ 1. The Forrest County Circuit Court dismissed Lonnie Lee Warden’s motion for reduction of sentence, which the trial court treated as a motion for post-conviction relief. Warden appealed the dismissal to this Court. However, Warden asserted no authority showing a basis for the trial court to grant a post-conviction reduction in sentence beyond the sentencing term of court. Therefore, we affirm the trial court’s dismissal of Warden’s motion for reduction of sentence.
 

 FACTS
 

 ¶ 2. A Forrest County grand jury indicted Warden for possession of methamphetamine, a Schedule II controlled substance in violation of Mississippi Code Annotated section 41-29-139(c)(l)(D) (Rev.2009), and possession of two or more precursor chemicals with the intent to manufacture methamphetamine in violation of Mississippi Code Annotated section 41 — 29—313(l)(A)(i) (Rev.2009). On June 1, 2004, while represented by counsel, Warden pled guilty to both counts of the indictment against him in the Forrest County Circuit Court. The trial court sentenced Warden to serve twenty years on the possession of methamphetamine charge and twenty years on the possession of precursor chemicals with the intent to manufacture methamphetamine, with the sentences to run concurrently in the custody of the Mississippi Department of Corrections.
 

 ¶ 3. More than two years after his conviction and sentence, Warden filed a pro se motion requesting the trial court to review and reduce his sentence. Warden argued that he received excessive sentences, espe
 
 *495
 
 cially when compared with the sentences of other first-time drug offenders. The circuit court then treated Warden’s motion as a motion for post-conviction relief. In so doing, the trial court summarily dismissed Warden’s motion, because the motion failed to state a legal basis for the trial court to reduce or modify his sentence. Consequently, Warden then filed his notice of appeal.
 

 ¶4. In his appellate brief, Warden argues that he received a harsher sentence than other first-time offenders in his jurisdiction. There is no allegation that Warden’s sentences are illegal; rather, Warden complains of the harshness of the sentences in light of his rehabilitation and potential for further rehabilitation. In support of his motion for reduction of sentence, Warden attached proof of his completion of drug and alcohol treatment and letters from his supervisors and the jail chaplain stating that Warden possessed exemplary work habits and character.
 

 STANDARD OF REVIEW
 

 ¶ 5. “In reviewing a trial court’s dismissal of [a motion for] post-conviction relief, our standard of review is well stated. We will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.”
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). “However, where questions of law are raised, the applicable standard of review is de novo.”
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 ¶ 6. Warden’s motion for a sentence reduction, along with the evidence submitted in support of his motion, fail to fall within the parameters defined by the Legislature in the post-conviction-relief statute. Miss.Code Ann. § 99-39-5(1) (Supp. 2009). Therefore, we affirm the dismissal of Warden’s motion, as no authority exists under which the trial court could grant Warden’s requested relief beyond the expiration of the term of court during which Warden was sentenced.
 

 ¶ 7. In support of his motion for reduction of sentence, Warden submitted evidence showing his rehabilitation, including a certificate of completion of substance-abuse treatment and letters of recommendation from his prison work supervisor and the jail chaplain.
 
 [1]
 
 Despite the positive steps Warden took to rehabilitate himself, the trial judge possesses no authority to reduce a sentence two years after the conviction was entered and the sentence imposed. In
 
 Robinson v. State,
 
 849 So.2d 157, 158 (¶ 4) (Miss.Ct.App.2003), this Court recognized that:
 

 A reduction or reconsideration of a sentence by a judge must occur prior to the expiration of the sentencing term. The power to reduce the sentence after the expiration of the term is vested in another branch of the government. The trial judge was correct to deny the request.
 

 (Internal citation omitted).
 

 ¶ 8. Further, despite Warden’s argument that similarly situated first-time drug offenders received less onerous sentences, Warden’s sentences constituted legal sentences falling within the minimum and maximum sentences authorized by statute. Under Mississippi Code Annotated section 41-29-139(c)(l)(E) (Rev.2009), a conviction for possession of methamphetamine carries a possible sentence of not less than six years or more than twenty-four years. Warden’s sentence of twenty
 
 *496
 
 years for possession of methamphetamine falls within the minimum and maximum sentences allowed by the statute.
 
 Id.
 
 Likewise, Mississippi Code Annotated section 41 — 29—313(l)(c) (Rev.2009) sets forth a maximum sentence of thirty years upon conviction of possession of precursor chemicals with the intent to manufacture methamphetamine. The trial judge sentenced Warden to twenty years for the possession of precursor chemicals with the intent to manufacture methamphetamine, which is less than the maximum allowed by the statute.
 
 Id.
 

 ¶ 9. Because Warden’s motion for reduction of sentence stated no legal basis for the trial court to grant relief, we affirm the trial court’s summary dismissal of his motion.
 

 ¶10. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 .
 
 See
 
 Uniform Rule of Circuit and County Court 11.02 (defining content of presentenc-ing report and setting forth extenuating and mitigation evidence for a judge to consider at sentencing).