LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Keith Kinard Cook pleaded guilty in the DeSoto County Circuit Court to possession of more than two grams but less than ten grams of cocaine. Cook was sentenced as a habitual offender and a repeat drug offender and ordered to serve eight years in the custody of the Mississippi Department of Corrections followed by eight years of post-release supervision. Cook filed a motion for post-conviction relief (PCR), which the trial court denied.
¶ 2. Cook now appeals, asserting the following issues: (1) his sentence was disproportionate to the crime; (2) he was incorrectly advised concerning his right to appeal; and (3) his guilty plea was involuntary. We affirm.
STANDARD OF REVIEW
¶ 3. A trial court’s denial of a PCR motion will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
I. PROPORTIONALITY OF SENTENCE
¶ 4. Cook argues his crime of cocaine possession is non-violent and should carry a lesser sentence. He also argues his sentence of eight years is cruel and unusual punishment under the Eighth Amendment.
¶ 5. Cook was charged under Mississippi Code Annotated section 41 — 29—139(c)(1)(C) (Supp.2011), which carries a possible sentence of “not less than four (4) years nor more than sixteen (16) years.... ” Cook was sentenced as a habitual offender and a repeat drug offender. See Miss.Code Ann. § 99-19-81 (Rev.2007); Miss.Code Ann. § 41-29-147 (Rev.2009).
¶ 6. Section 99-19-81 states:
Every person convicted in this state of a felony .who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Section 41-29-147 states:
Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
For purposes of this section, an offense is considered a second or subsequent *825 offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.
¶ 7. Because Cook had two prior felonies, the trial court was required to sentence him to the maximum term of imprisonment allowed by statute, which was sixteen years. Also, because Cook had prior drug convictions, the trial court had the option of doubling the sentence. Thus, Cook faced a possible thirty-two-year sentence without parole or probation. He was sentenced to eight years in prison followed by eight years of post-release supervision.
¶ 8. Cook’s term of imprisonment of eight years was well below what the trial court was authorized to impose. As a general rule, we will not disturb sentences which are permissible by statute. Reynolds v. State, 585 So.2d 753, 756 (Miss.1991). Further, there is no requirement that a trial court conduct a sua sponte proportionality analysis. Home v. State, 825 So.2d 627, 641 (¶ 58) (Miss.2002). Before a proportionality analysis is reached, it must be shown that the sentence is grossly disproportionate to the crime charged. Hoops v. State, 681 So.2d 521, 538 (Miss.1996). Unless this preliminary requirement is shown, Cook is not entitled to the extended comparison analysis under Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Since Cook’s sentence was within the statutory guidelines, we find the trial court did not err by not performing a proportionality analysis. This issue is without merit.
II. RIGHT TO APPEAL
¶ 9. The trial court advised Cook there was no right to a direct appeal from a guilty plea. Cook asserts this was erroneous advice.
¶ 10. Cook cites to Trotter v. State, 554 So.2d 313, 315 (Miss.1989), in support of his argument that he may file a direct appeal from a guilty plea. Cook is correct that the holding in Trotter allowed a direct appeal in certain matters involving an appeal from a guilty plea. However, Trotter applies the 1972 version of Mississippi Code Annotated section 99-35-101, which states: “Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any ease where the defendant enters a plea of guilty.” Under the wording of this statute, the Mississippi Supreme Court held that a defendant who pleaded guilty could file a direct appeal to challenge the sentence imposed, but not the guilty plea itself. Trotter, 554 So.2d at 315. This statute has since been amended and is not applicable to Cook’s case.
¶ 11. The current version of section 99-35-101 states: “[WJhere the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.” Miss.Code Ann. § 99-35-101 (Supp.2011). This statute went into effect July 1, 2008. Thus, direct appeals from guilty pleas after this date are not allowed. Seal v. State, 38 So.3d 635, 638 (¶ 8) (Miss. Ct.App.2010). Cook’s guilty plea occurred in January 2010. Based on the statute in effect in January 2010, Cook had no right to a direct appeal from his guilty plea. The trial court did not give Cook erroneous advice. This issue is without merit.
III. VOLUNTARINESS OF PLEA
¶ 12. Cook argues the trial court erred in accepting his guilty plea without first conducting a competency hearing.
*826 ¶ 13. Uniform Rule of Circuit and County Court 9.06 states in part: “If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination....” Cook does not give any reason the trial court should have had reasonable ground to believe he was incompetent to stand trial. The trial court questioned Cook and determined he was not under the influence of drugs, alcohol, or any medication that would have affected his ability to think clearly. Cook told the trial court he did not have a history of mental illness and understood the implications of his guilty plea. We find no merit to this issue.
¶ 14. Finally, Cook makes another argument regarding relief in federal court. He states in his brief: “[T]he validity of the indictment is at an [sic] issue here.... Petitioner here is prosecuting his state application with such diligence to ensure he does not lose the right to seek relief in the Federal Court....” This argument is unclear, but to the extent Cook is arguing that his indictment is invalid, Cook cites no law or facts for this proposition. Thus, we decline to address this issue.
¶ 15. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.