GRIFFIS, P.J.,
for the Court:
¶ 1. Stephen Seal appeals the denial of his motion for post-conviction collateral relief (PCCR) and his amended motion for PCCR. Seal argues that the trial court erred in the denial of his motions because his constitutional rights were violated by the sentence imposed. We find no error and affirm.
¶ 2. In Seal v. State, 38 So.3d 635, 636-637 (¶ 2) (Miss.Ct.App.2010), we considered the facts presented:
On March 6, 2006, Seal got off work, picked up his friend John Bell, and purchased some marijuana. After smoking the marijuana, Seal and Bell purchased a muzzle-loader rifle and went to Xan Steed’s home. Laurie Thomas was visiting Steed when Seal and Bell arrived. Upon his arrival, Seal took his recently-purchased rifle into the house to show it off. During the course of his visit, while in the bedroom of the house with Bell, Thomas, and Steed, Seal began waving the rifle around making a noise as if he were firing the rifle. Thereafter, Bell handed Seal a pistol, and Seal began to wave the pistol around in the same manner as he had previously done with the rifle. While waving the pistol around, Seal pulled the trigger, and a bullet from the pistol struck Thomas in her forehead. Bell ran from the house. Initially Seal ran after Bell, but he returned to the house. When Seal returned to the house, Steed told him to call 911. Seal and Steed remained at the house with Thomas until emergency assistance arrived. Thomas and her unborn child subsequently died as a result of their injuries.
¶ 3. Seal was charged with two counts of culpable-negligence manslaughter under Mississippi Code Annotated section 97-3-47 (Rev.2006). On January 9, 2008, Seal pled guilty. Seal admitted that he shot and killed Thomas and her unborn child. Seal was sentenced to serve twenty years for each count of manslaughter, and the sentences were ordered to run concurrently-
¶ 4. The trial judge later indicated that she believed that she should have suspended some of Seal’s sentence. However, the trial judge informed the attorneys that because the sentences were imposed during a vacation term, she did not have the authority to amend the sentences.
¶ 5. On January 22, 2008, Seal filed a motion for a reduction of his sentence. The circuit court denied the motion by order dated July 15, 2008. On August 7, 2008, Seal filed a motion requesting that the trial court designate and consider his motion for a reduction of his sentence as a PCCR motion. Seal then filed a notice of appeal on August 14, 2008. On October *596 31, 2008, the trial judge denied Seal’s August 7 motion.
¶ 6. This Court affirmed the trial judge’s denial of the motion for a reduction of sentence. Id. at 688 (¶ 9). The Court also dismissed the appeal “without prejudice to Seal’s right to pursue a proper motion for post-conviction relief should he choose to do so.” Id.
¶ 7. On June 13, 2011, Seal filed a motion for PCCR. Seal claimed that the circuit court violated his constitutional rights, specifically his rights under the Fifth and Fourteenth Amendments. Seal argued that he was improperly sentenced to a statutory-maximum prison term when the court intended to suspend a portion of his sentence, but found it did not have jurisdiction. The circuit court denied Seal’s motion by order dated March 21, 2012. It is from this order that Seal now appeals.
¶ 8. We will not reverse a trial court’s denial of a PCCR motion unless the trial court’s decision was clearly erroneous. Madden v. State, 75 So.3d 1130, 1131 (¶ 6) (Miss.Ct.App.2011). When reviewing questions of law, this Court’s standard of review is de novo. Id.
¶ 9. Seal argues that the imposition of his sentence violated his constitutional rights. The State responds with the claim that his motion was time-barred. Indeed, motions for post-conviction collateral relief from a guilty plea must be made within three years after the entry of the judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Supp.2012). The State is correct. Seal’s judgment of conviction is dated January 9, 2008. His motion was filed on June 13, 2011, more than three years after the judgment. Seal’s motion is proeedurally barred.
¶ 10. Notwithstanding the procedural bar, however, we will discuss the merits of his claim.
¶ 11. Seal’s claim is based on the trial judge’s January 14, 2008 telephonic conference with defense counsel and the district attorney. In this conversation, the trial judge informed the attorneys that she had second thoughts about Seal’s sentence. She stated that she believed that some of the imposed sentence should have been suspended. However, the trial judge also told the attorneys that because the sentences were imposed during a vacation term, she did not have the authority to amend the sentences.
¶ 12. There is no record of the telephone conversation. Yet, twice now, this matter has been presented to the trial judge. Each time, the trial judge has denied the relief requested by Seal.
¶ 13. The trial court has jurisdiction to alter sentences, even those handed down in vacation, when grounds for post-conviction collateral relief exist. Creel v. State, 944 So.2d 891, 894 (¶ 7) (Miss.2006). The burden is on Seal to demonstrate “the actual existence of evidence that, if shown satisfactorily at a hearing, would indicate an entitlement to relief.” Davidson v. State, 850 So.2d 158, 159 (¶ 5) (Miss.Ct.App.2003).
¶ 14. Mississippi Code Annotated section 99-39-5(1) provides that a PCCR motion may be filed when a petitioner claims:
(a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;
(b) That the trial court was without jurisdiction to impose sentence;
(c) That the statute under which the conviction and/or sentence was obtained is unconstitutional;
(d) That the sentence exceeds the maximum authorized by law;
*597 (e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
(f) That there exists biological evidence secured in relation to the investigation or prosecution attendant to the petitioner’s conviction not tested, or, if previously tested, that can be subjected to additional DNA testing, that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution[;]
(g) That his plea was made involuntarily;
(h) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;
(i) That he is entitled to an out-of-time appeal; or
(j) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy.
¶ 15. Seal’s sentences were not illegal. “A trial judge may in his sole discretion impose any sentence that is within the statutory guidelines for a particular crime, and a sentence within the statutory guidelines is usually not reviewable.” Leverette v. State, 812 So.2d 241, 245 (¶ 18) (Miss.Ct.App.2002). Mississippi Code Annotated section 97-3-25 (Rev.2006) provides that the statutory maximum for the crime of manslaughter is twenty years. Mississippi Code Annotated section 97-3-37(1) (Supp.2012) provides that an unborn child is included as a human being for purposes of this statute.[1]
¶ 16. Seal caused the death of two human beings, Thomas and her unborn child. As such, the trial judge was within her discretion to sentence Seal to serve two separate twenty-year sentences.
¶ 17. In Warden v. State, 36 So.3d 493, 495 (¶ 4) (Miss.Ct.App.2010), the defendant argued “that he received a harsher sentence than other first-time offenders in his jurisdiction.” This Court did not grant the defendant relief because, even if the sentence may have been harsh, it was not illegal. Id. at (¶ 8). Thus, we found the sentence did not “fall within the parameters defined by the Legislature in the post-conviction-relief statute.” Id. at 495 (¶ 6).
¶ 18. Like the defendant in Warden, Seal has not presented any argument that falls within the parameters of the PCCR statute. It is clear the trial judge believed the sentences may have been harsh, but they were within the statutory guidelines. Seal’s sentences were not illegal.
¶ 19. Accordingly, we find no error in the trial judge’s decision to deny Seal’s PCCR motion. We affirm.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
*598 LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Manslaughter based on culpable negligence falls under Mississippi Code Annotated section 97-3-37.