LEE, C.J.,
for the Court:
¶ 1. Milford Ivey pleaded guilty to two counts of fondling and one count of sexual battery. After a sentencing hearing, the Tishomingo County Circuit Court trial judge sentenced Ivey to fifteen years on one fondling count and twenty years, with five years suspended, on the sexual-battery count. The trial judge ordered the sentences on these two counts to run concurrently. On the other fondling count, the trial judge sentenced Ivey to fifteen years, but suspended the entire sentence.
¶ 2. Ivey timely filed a motion for post-conviction relief (PCR), raising several issues as follows: (1) he was subjected to double jeopardy; (2) his guilty plea was involuntary; (3) evidence was fabricated; and (4) his sentence exceeded his life expectancy. The trial judge denied Ivey’s PCR motion.
¶ 3. Ivey now appeals, asserting the following issues: (1) he was subjected to double jeopardy; (2) his sentence exceeded his life expectancy; (3) his guilty plea was involuntary; and (4) he was innocent.
STANDARD OF REVIEW
¶ 4. When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
DISCUSSION
I. DOUBLE JEOPARDY
¶5. In his first issue on appeal, Ivey argues that his constitutional right *798 against double jeopardy was violated because one of the fondling counts and the sexual-battery count stem from the same incident. When addressing a double-jeopardy claim, this Court applies the “same elements” test laid out in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Boyd v. State, 977 So.2d 329, 334 (¶ 16) (Miss.2008). Under this test, “even though a defendant may be charged with violation of two separate statutes, we look to see whether ‘each statutory provision requires proof of a fact which the other does not.’ ” Id. (quoting Blockburger, 284 U.S. at 304, 52 S.Ct. 180). For a conviction to withstand the “same elements” test, each offense must “con-taint] an element not contained in the other.” Id.
¶ 6. Count I of the indictment charges Ivey with fondling a minor child in July 2006, while Count II of the same indictment charges Ivey with sexual battery of this same child in May 2006.[1] These crimes have different elements and arose on different dates. Under Mississippi Code Annotated section 97-5-23(1) (Rev.2006), fondling occurs when (1) a person above eighteen years old (2) handles, touches, or rubs (3) a child under the age of sixteen years old (4) for the purpose of gratifying lust or indulging in depraved licentious sexual desires. Sexual battery is defined by Mississippi Code Annotated section 97 — 3—95(l)(d) (Rev.2006) as “sexual penetration with ... [a] child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.”
¶ 7. Under the “same elements” test, each count must contain an element not contained in the other. Attempted sexual battery does not contain the element of gratification of lust. Furthermore, fondling does not require the element of penetration. Therefore, this issue is without merit.
II. ILLEGAL SENTENCE
¶ 8. Ivey next contends his sentence exceeded his life expectancy; thus, he received an illegal sentence. Ivey is under the impression he was to serve a total of thirty years in the custody of the Mississippi Department of Corrections (MDOC). However, his sentences in reality totaled fifteen years. During Ivey’s sentencing hearing, the trial judge noted he consulted an actuarial table in determining Ivey’s sentence. According to the trial judge, Ivey was sixty-six years old at the time of sentencing, and his life expectancy was 18.7 years. Ivey was also given credit for time served, which totaled almost two years. This issue is without merit.
III. INVOLUNTARY GUILTY PLEA
¶ 9. Ivey claims he was under duress at the time he pleaded guilty; thus, his plea was involuntary. Ivey states he needed medical treatment and knew MDOC could provide him with treatment. However, the transcript of Ivey’s plea colloquy contradicts his claims. A guilty plea meets the requisite voluntary standard where “the defendant is advised concerning the nature of the charge against him and the consequences of the plea”; specifically, “that his guilty plea waives multiple constitutional rights.” Hill v. State, 60 So.3d 824, 828 (¶ 11) (Miss.Ct.App.2011) (citations omitted). The burden is on Ivey “to show his plea was not voluntary.” Id.
*799 ¶ 10. During Ivey’s guilty-plea hearing, the trial court advised him of the charges against him, the potential sentence, and the constitutional rights he was waiving by pleading guilty. Ivey stated that he understood the rights he was waiving by pleading guilty. The State offered the facts it intended to prove if the ease went to trial, and Ivey stated that he agreed with those facts. Ivey admitted under oath that he was guilty of all three crimes.
¶ 11. The record is clear that Ivey was advised concerning the nature of the charge against him and the consequences of the plea, and he stated that he understood both. The Mississippi Supreme Court has held that “[s]olemn declarations in open court carry a strong presumption of verity.” Mowdy v. State, 688 So.2d 738, 743 (Miss.1994) (citations omitted). Also, Ivey fails to offer any proof that his plea was not voluntary. As a result, we find that Ivey’s guilty plea was voluntary. This issue is without merit.
IV. ACTUAL INNOCENCE
¶ 12. Lastly, Ivey contends he was innocent of the crimes charged. However, since Ivey stated under oath that he was guilty of the crimes charged and has presented no evidence to the contrary other than vague assertions, we find no merit to this issue.
¶ 13. THE JUDGMENT OF THE TISHOMINGO COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TISHOM-INGO COUNTY.
GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., AND MAXWELL, J., CONCUR IN PART AND IN THE RESULT.

. We note the other fondling count to which Ivey pleaded guilty involved a different victim.