# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00357-COA

LATRAI SPRAGGINS                                                                  APPELLANT

v.

STATE OF MISSISSIPPI                                                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/06/2016 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LATRAI SPRAGGINS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/18/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE, FAIR, AND WILSON, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     Latrai Spraggins pleaded guilty to statutory rape in the Clay County Circuit Court. Spraggins then filed a motion for postconviction relief (PCR). In that motion, Spraggins waged a collateral attack on his conviction and the sentence he received. The circuit court denied the motion. Spraggins now appeals. Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     In April 2009, Spraggins was indicted for the statutory rape of C.H.,[1] which was stated

---

[1] Because C.H. was a minor at the time that she became a victim of statutory rape, initials will be used to protect her anonymity.

to have taken place in or around mid-January 2009. At the time of the rape, C.H. was a child over the age of fourteen, but under the age of sixteen, and thirty-six or more months younger than Spraggins, and not his spouse. After many continuances, the assignment of new counsel, and the necessary appointment of a new judge due to recusal, Spraggins pleaded guilty on August 6, 2012. He was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended, and five years of postrelease supervision.

¶3.     On December 22, 2015—more than three years after his plea of guilty was entered—Spraggins filed a PCR motion. In that motion, Spraggins alleged a violation of his constitutional right to a speedy trial, that his conviction should not stand due to mental incompetency, and that he was not made aware of his right to appeal his guilty plea or sentence. On February 6, 2016, the circuit court summarily denied his motion for relief. This appeal followed. We affirm.

## DISCUSSION

¶4.     "A circuit court's denial of post-conviction relief will not be reversed absent a finding that the court's decision was clearly erroneous." *Wood v. State*, 200 So. 3d 491, 493 (¶4) (Miss. Ct. App. 2016). "[W]hen issues of law are raised, [however,] the proper standard of review is de novo." *Id.*

¶5.     The sole issue raised on appeal by Spraggins is that his counsel, and the circuit court, failed to properly advise him regarding his constitutional right to a direct appeal. Alternative issues raised in his original PCR motion, but abandoned on appeal, will not be addressed by

this Court. *See Clay v. Clay*, 837 So. 2d 215, 220 (¶27) (Miss. Ct. App. 2003) (holding issues not discussed in briefs are considered abandoned and waived on appeal). In rebuttal, the State argues that Spraggins's motion is time-barred, and furthermore, that he is not entitled to a direct appeal pursuant to Mississippi Code Annotated section 99-35-101 (Rev. 2015). We agree.

¶6. To begin, Spraggins pleaded guilty on August 6, 2012; he filed his PCR motion on December 22, 2015. Therefore, his PCR motion is time-barred under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), as he filed it more than three years after the entry of his judgment of conviction. *Owens v. State*, 17 So. 3d 628, 634 (¶17) (Miss. Ct. App. 2009). In addition, we find that none of the statutorily enumerated exceptions within section 99-39-5(2) apply to Spraggins's claims. *See* Miss. Code Ann. § 99-39-5. Notwithstanding the time-bar, this Court will address the merits of Spraggins's appeal with respect to his claim that he was denied his right to a direct appeal.

¶7. Spraggins relies upon *Lett v. State*, 965 So. 2d 1066 (Miss. 2007), to argue that he was entitled to a direct appeal of his sentence regardless of his guilty plea. In *Lett*, the Mississippi Supreme Court held that under the version of section 99-35-101 in effect at that time, a convicted party did possess the right to appeal, but the right extended only to alleged errors in sentencing. *Id.* at 1070 (¶7). The version of section 99-35-101 under review in *Lett*, however, used the following language: "Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty."

3

*Id.* (quoting Miss. Code Ann. § 99-35-101 (Rev. 2007)). The language of section 99-35-101 has since been amended, however.

¶8.   The current version of section 99-35-101 now states: "[W]here the defendant enters plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed." Miss. Code Ann. § 99-35-101 (Rev. 2015); *see also Cook v. State*, 106 So. 3d 823, 825 (¶¶10-11) (Miss. Ct. App. 2012). Thus, the plain language of section 99-35-101 shows that Spraggins is not entitled to a direct appeal of his sentence following his plea of guilty. *Id.* Furthermore, "the right to appeal is a matter of legislative discretion, and [because] no such right has been established when a conviction is the result of a guilty plea, a defendant challenging a conviction entered as a result of guilty plea can do so only under the Post Conviction Relief Act." *Wrenn v. State*, 121 So. 3d 913, 914-15 (¶3) (Miss. 2013). Therefore, notwithstanding the time-bar, Spraggins's claim for relief remains without merit, as "direct appeals from guilty pleas [post-amendment of section 99-35-101] are not allowed." *Cook*, 106 So. 3d at 825 (¶11) (citing *Seal v. State*, 38 So. 3d 635, 638 (¶8) (Miss. Ct. App. 2012)).

**CONCLUSION**

¶9.   Upon review, we find nothing in the record to overturn the circuit court's denial of Spraggins's PCR motion. Spraggins pleaded guilty to the charge of statutory rape. He was sentenced to serve twenty years in MDOC custody, with ten years suspended, and five years of postrelease supervision. As such, this Court finds that Spraggins's PCR motion was time-barred, and that he was not entitled to a direct appeal of his conviction following his

4

guilty plea.  We therefore affirm the circuit court's denial of Spraggins's PCR motion.

¶10.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**