# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00969-COA

**CHARLES BRUNET** APPELLANT

v.

**STATE OF MISSISSIPPI** APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/18/2018 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CHARLES BRUNET (PRO SE) |
| ATTORNEY FOR APPELLEE: | JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/23/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE BARNES, C.J., McDONALD AND C. WILSON, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     Charles Brunet, appearing pro se, appeals the judgment of the Jones County Circuit Court, which denied his motion for post-conviction relief (PCR).  Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     In October 2016, Brunet pleaded guilty to two counts of sexual battery on two children, and three counts of molestation on another child, under Mississippi Code Annotated section 97-3-95 (Rev. 2014) and section 97-5-23 (Rev. 2014), respectively.  The criminal acts on these family members occurred between 2011 and 2015.  At the time of Brunet's arrest, the children were aged fourteen, twelve, and nine.  When sentenced, Brunet

was nearly seventy-six years old. Because of Brunet's advanced age, the State recommended that for each count Brunet would be sentenced only to fifteen years in the custody of the Mississippi Department of Corrections, with twelve years to serve and three years suspended, with the sentences to run concurrently. The trial court accepted the State's recommendation, noting the sentences would be served day-for-day because the offenses are sex crimes.

¶3. In May 2018, Brunet filed a self-styled "Motion to Correct Illegal Sentence." Brunet argued that his sentence violated his right to due process because it exceeded his life expectancy and was thus cruel and unusual punishment. The trial court treated his motion as a PCR petition, finding his sentence was not excessive as it was within the statutory limits for the two crimes. The trial court also found under *Kirksey v. State*, 728 So. 2d 565 (Miss. 1999), that the sentence was not disproportionate when compared to other sentences imposed for the same crimes. Further, the trial court found Brunet's plea to be freely, voluntarily, knowingly, and intelligently given. The trial court concluded Brunet's motion was without merit, and Brunet timely appealed.

## STANDARD OF REVIEW

¶4. The trial court's denial or dismissal of a PCR motion is reviewed for an abuse of discretion. We will only disturb the trial court's factual findings if they are clearly erroneous. Legal conclusions, however, are reviewed de novo. *Ivey v. State*, 134 So. 3d 796, 797 (¶4) (Miss. Ct. App. 2013) (citing *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

2

## ANALYSIS

¶5.     It is well established that sentencing is "within the discretion of the trial court . . . and generally is not subject to appellate review if it is within the limits prescribed by the applicable statute. This includes sentences based on guilty pleas." *Burrough v. State*, 9 So. 3d 368, 372 (¶10) (Miss. 2009) (citations omitted). Moreover, "[a] sentence . . . is not disproportionate when compared to sentences imposed on other criminals for the same crime." *Kirksey*, 728 So. 2d at 568 (¶14).

¶6.     Brunet argues that his five concurrent sentences of twelve years served day-for-day without eligibility for parole or reduction is a violation of due process, as well as cruel and unusual punishment, because his sentence exceeds his life expectancy. However, at the plea hearing, the trial court advised Brunet of the minimum and maximum sentences for the charges, and he responded that he understood. The prescribed statutory maximum sentences for the crimes of molestation and sexual battery are fifteen and thirty years respectively. The trial court could have sentenced Brunet to the maximum sentence for each of the five counts, to run consecutively, which would have resulted in a one-hundred-and-five-year sentence. Instead, the trial court accepted the State's recommendation of a lighter sentence due to Brunet's age, which resulted in only twelve years of imprisonment. Therefore, Brunet, who was nearly seventy-six years old at the time of sentencing, would be eighty-seven years old at the time of discharge. Of course, Brunet may very well die in prison over the next twelve years, but his minor victims will continue to suffer from the crimes perpetrated against them for a much longer period.

3

¶7. Brunet also suggests that even though his sentence was within the statutory guidelines, the trial court should have performed a proportionality analysis before sentencing. There is no requirement, however, "that a trial court conduct a sua sponte proportionality analysis." *Cook v. State*, 106 So. 3d 823, 825 (¶8) (Miss. Ct. App. 2012) (citing *Horne v. State*, 825 So. 2d 627, 641 (¶58) (Miss. 2002)). Further, before a proportionality analysis is reached, the sentence must be shown to be "grossly disproportionate to the crime charged." *Id.* (citing *Hoops v. State*, 681 So. 2d 521, 538 (Miss. 1996)). That is not the case here. Brunet's advanced age was actually taken into account by the State, which recommended substantially shorter sentences than the maximums, and that the sentences run concurrently instead of consecutively. Brunet's ultimate term of imprisonment of twelve years was well below what the trial court was statutorily authorized to impose. This issue is without merit.

¶8. Accordingly, we affirm the trial court's denial of Brunet's PCR motion.

¶9. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

4